# Wythebille

EUGENE HOLLAND V. A. B. EDELBLUTE.

June 8, 1942.

Record No. 2541.

Present, Holt, Hudgins, Gregory, Eggleston and Spratley, JJ.

The opinion states the case.

*Herman A. Sacks,* for the plaintiff in error.

*Rixey & Rixey,* for the defendant in error.

GREGORY, J., delivered the opinion of the court.

This was an action for damages for injuries inflicted in an automobile accident, in which Eugene Holland was plain-

tiff, and L. P. Howell and A. B. Edelblute were defendants. After all the evidence had been presented, the court below struck the plaintiff's evidence on the ground that it failed to show any negligence by either of the defendants. The jury rendered a verdict for the defendants, and judgment was entered thereon. The action of the trial judge in striking the evidence is before us on review only as against the defendant Edelblute, inasmuch as plaintiff's counsel admitted of record that Howell was free of negligence.

■ ■ In passing on the propriety of striking the plaintiff's evidence, we shall determine whether or not the plaintiff's case was one concerning which fair-minded men could at least differ. If the answer be in the affirmative, then the case must be remanded for a jury trial. Since the plaintiff's evidence was struck, such evidence must be taken as true. *Sale* v. *Figg*, 164 Va. 402, 180 S. E. 173. The facts, stated from the standpoint of the plaintiff, are as follows:

The accident occurred at approximately 10:30 P. M. in Norfolk at the intersection of Duke street and Olney road. Olney road is thirty-five feet in width and runs east and west. Duke street, which intersects it, is estimated as being fifteen feet wide, running approximately north and south. The intersection at this point is a wide one, and does not form a right angle. There is an offset of some twenty feet in Duke street on the north side of Olney road, so that the northwest corner of Olney road is some twenty feet west on the southwest corner.

The plaintiff approached this intersection and reached a point some twenty feet west of the corner of Duke street, in such a position that by walking straight across Olney road he would reach the far corner of Duke and Olney. Before he attempted to negotiate the crossing, he waited for a car to pass, traveling from west to east. He then observed two cars approaching from the east. The front car was being driven by Howell at a speed of from twelve to fifteen miles an hour and was approximately forty-five feet from the intersection; the defendant, Edelblute, was driving the other car which was about fifteen feet to the rear of the

Howell car and directly behind it. The plaintiff stepped off the curb and proceeded to the middle of Olney road where he stopped to allow both cars to proceed past him. At this moment, and while he was in the intersection, Edelblute drove to the left of the Howell car and pulled around him until he was abreast with the Howell car. The plaintiff testified that this maneuver by Edelblute, in attempting to pass the forward car at an intersection, confused him. The lights of the Edelblute car blinded him, and in his panic he jumped straight ahead into the path of the Howell car which struck him, inflicting the injuries for which he is seeking compensation.

The admission of plaintiff's counsel has exonerated Howell from negligence in striking the plaintiff. However, his theory of recovery against Edelblute is that the latter was negligent in attempting to pass another car at an intersection; that this negligence created a sudden situation of peril and danger to Holland, the plaintiff; and that this negligence of Edelblute was the proximate cause of the plaintiff's injuries.

The degree of care required of a driver not to injure others cannot be accurately determined in each instance, owing to the fact that it varies according to the circumstances of each case. It has been observed that ordinary care is a relative term, and that a degree of care sufficient under certain circumstances may be negligence or even gross negligence under others. Generally, therefore, it cannot be assumed as a matter of law that certain circumstances do or do not constitute negligence, for fair-minded men may differ upon the question. See Michie, Law of Automobiles, section 15. This doctrine, long observed in Virginia, still obtains as is illustrated by recent decisions. See *Isenhour* v. *McGranighan*, 178 Va. 365, 17 S. E. (2d) 383; *Bloxom* v. *McCoy*, 178 Va. 343, 17 S. E. (2d) 401; *Gregory* v. *Daniel*, 173 Va. 442, 4 S. E. (2d) 786.

In *Richardson* v. *Shank*, 155 Va. 240, 154 S. E. 542, the evidence disclosed that the deceased was struck while crossing a forty-one foot wide street in the middle of the block. The defendant was driving at a speed in excess of the lawful

limit and gave no warning signal. Plaintiff's evidence tended to show that defendant was driving to the left of the center line at the moment of impact. The trial court apparently concluded that the decedent stepped in front of the auto-mobile and that his own negligence was the sole proximate cause of his death; at any rate the motion to strike out all the evidence for the plaintiff was sustained. This court held that the plaintiff was entitled to have the jury consider and pass upon the testimony which he adduced.

There are some points involved in the instant case which prevent this case from being properly withdrawn from the jury. The fact that the defendant, Edelblute, did not himself strike the plaintiff is not controlling. If he negligently placed Holland in a position of danger, and his negligence was the proximate cause of the injuries com-plained of, then he is liable, in the absence of contributory negligence on the part of the plaintiff. These are all factual questions which we think proper for the jury to determine. The question of contributory negligence involves the ad-ditional fact of whether or not the plaintiff's position of peril constituted an emergency. See *Jones* v. *Hanbury*, 158 Va. 842, 860, 164 S. E. 545, 550.

The plaintiff's evidence shows, and it is undisputed, that the plaintiff was crossing the intersection at the proper place. When doing so, in the absence of a traffic officer, the pedestrian has the right of way over vehicles. Code, section 2154 (126), subdivisions (b) and (c).

Furthermore, Code, section 2154 (109), subdivision (c), clause seven, defines as reckless driving, "passing other vehicles going in the same direction while crossing an inter-section, or while pedestrians are passing or about to pass in front of either of such vehicles."

Plaintiff's evidence discloses that the defendant pulled out and drew abreast the Howell car at an intersection. If the defendant did pull around the car ahead at the inter-section, even though he did not completely pass, he violated the terms of the statute above. The position fraught with the greatest danger, and against which, among other things,

the prescription of the statute is directed, is that of two cars running abreast at an intersection.

The interplay of reciprocal duties involved here presents conflicting factual issues which are within the purview of the jury's determination. This being true, we reverse the judgment and remand the case for a new trial consistent with the views expressed herein.

*Reversed and remanded.*