## Richmond

LAWRENCE W. LOVING v. VERNON P. MASON.

November 29, 1965.

Record No. 6030.

Present, All the Justices.

*Larry M. Topping* and *Lewis H. Hall, Jr.* (*Hall & Fox*, on brief), for the plaintiff in error.

*Eugene M. Jordan* (*Kearney, Cofer & Jordan*, on brief), for the defendant in error.

BUCHANAN, J., delivered the opinion of the court.

Vernon P. Mason, plaintiff, brought this action against Lawrence W. Loving, defendant, for personal injuries received in an automobile collision. A jury returned a verdict for the plaintiff for $4,300 and the trial court entered judgment thereon. Defendant was granted a writ of error and here contends that the judgment should be re-

versed and final judgment granted to him because the accident was due to the negligence of Mason; otherwise, that the case should be remanded because of erroneous rulings on instructions.

The accident occurred about 9:45 p.m., December 16, 1961, at the intersection of Aberdeen Road and Galax street, in the city of Hampton. Aberdeen Road runs north and south, is twenty-four feet wide and has one southbound and one northbound lane. Galax street runs east and west and enters Aberdeen on the east, but seems to bear the name of F street on the west. Its width is not given. There were no traffic lights at the intersection but a stop sign on Galax about thirty feet back from Aberdeen. The speed limit in the area was thirty-five miles. It was raining at the time of the accident.

Mason, the plaintiff, was driving south on Aberdeen and had passed or was passing a car proceeding in the southbound lane when Loving drove from Galax street to go north on Aberdeen and in making the turn his left front bumper struck the left rear of the Mason car. No damage resulted to the Loving car, and it is not indicated that any injury was suffered by any of the other three occupants of the Mason car.

The accident investigator of the city of Hampton arrived at the scene in about eight minutes after the accident. He was called as a witness by the plaintiff and testified that he made notes of what he saw and heard at the scene, to which he referred at the plaintiff's request in giving his testimony, which was as follows:

He talked with both drivers in the presence of both and each was in complete agreement with the statements of the other. They designated the place in the intersection where the accident occurred and this spot was in the northbound lane of Aberdeen. Mason said he was attempting to pass an automobile or had been in the process of passing an automobile and was attempting to cut back into the southbound lane at the time of the collision. Judging by the point where they showed him the collision occurred, Mason's car would have had to be two or three feet into the northbound lane, or "straddling the center line." This line, he said, was a broken white line, which indicated a passing zone, but it did not extend into the intersection.

Loving, the defendant, who was driving west, said he pulled past the stop sign on Galax and stopped four to five feet back from the intersection so as to have an unobstructed view; that he looked to his left and the road was clear, looked to his right and saw a line

of traffic approaching from the north, looked back to his left where the way was still clear, and pulled out as the Mason car passed.

Mason pointed out a telephone pole on the west side of Aberdeen Road as about the place where he started to pass. This point was forty-eight feet north of the intersection. Mason said that he first noticed the automobile at the intersection as far back as the Briarfield Road, which was some three hundred feet north of the intersection, and just as he started to pass the car in front of him he observed the car still stopped and he assumed it was going to stay there.

The investigator testified that when Mason pulled out to pass there was nothing to prevent Loving from seeing the Mason car in the passing lane if he had been looking. He made a pencil diagram of the intersection and its surroundings, and indicated thereon the telephone pole where the plaintiff said he started to pass, the point of impact in the northbound lane, and the positions of the two automobiles after the collision, the Mason car being on the west side of Aberdeen south of the intersection, and the Loving car on the east side of Aberdeen north of the intersection.

Mason testified at the trial, held more than two years after the accident, that at the time of the accident it was drizzling rain but visibility was relatively good; that the car in front of him was traveling slowly; that he had followed it for some distance and after he passed the Briarfield intersection he looked and saw no traffic facing him "and it was a dotted line, so I proceeded to pass." "I was just about—I was straddling this line right here when I was coming back in, and this car came out here and hit me." He said he was completely in front of the car he was passing "and I was partially in the other lane when the accident occurred." He said he did not see the Loving automobile stopped on Galax street when he was at Briarfield Road and that he did not tell the investigating officer, his witness, that he did. But he did not say where he first saw it or that he saw it at all. He said he started passing the car in front of him before he reached the telephone pole and that he did not recall telling the officer that he started passing at the pole, but he did not say how far he was beyond the pole when he started. He did recall showing the officer where the impact occurred and that place, he said, was in the northbound lane and within the intersection.

Plaintiff's wife testified that she was sitting in the front seat; that they had got in front of the car they were passing and "we had come in our lane, just as well say, and he was a little ways out." She did not see any other car, just heard the bump.

Plaintiff's mother, whose testimony was not printed other than her statement of relationship to the plaintiff and that she was in his automobile when the accident occurred, testified that she was riding in the back seat and that it was raining very hard and all she could see was the light. "But I could see this light when it turned out the side street, and it didn't seem to have stopped at the stop sign. He turned out very, very fast." She said they were not passing another car and their car was on the right-hand side of the street when the accident occurred and was not pulling out. She remembered stating a few days before the trial that their car was pulling out but afterwards remembered, she said, that it was not. She said her sister-in-law was in the back seat with her and they were talking. The sister-in-law did not testify.

The above was all the material testimony offered by the plaintiff. We have set it out at length because it presents the threshold question of the plaintiff's own negligence, raised by the defendant on his motion to strike and overruled.

The defendant testified that before entering the intersection he stopped a little past the stop sign on Galax so he could see to his right and left on Aberdeen, as there were bushes and shrubbery that interfered with his view from the stop sign. He looked to his right and saw a line of traffic coming in the southbound lane. He then looked to his left and there was nothing coming in the northbound lane, so he proceeded out to his right and just as he got approximately on a 45-degree angle he just clipped the back part of the Mason car "[a] slight nick." His own automobile was then in the northbound lane. He said it was raining fairly hard and that the first time he saw the Mason car was when the impact occurred.

It thus appears that the only substantial conflict in the testimony was between the plaintiff and the officer who testified as the plaintiff's witness, and this only with respect to the testimony of the officer that the plaintiff stated to him at the scene of the accident only a few minutes after it happened that he saw the defendant's car stopped at the intersection, whereas the plaintiff testified that he did not see it and that he did not tell the officer that he saw it. A less direct conflict was between the testimony of the officer that the plaintiff said he started passing the car in front of him at the telephone pole forty-eight feet north of the intersection, and the statement of the plaintiff that he started passing before that and did not recall telling the officer that he began starting about the pole. If it may be

said that a conflict existed as to whether the defendant stopped before entering Aberdeen, that question related only to whether the defendant was guilty of negligence.

There was no real conflict in the evidence on the critical point that the collision occurred in the northbound lane and within the intersection, and when the plaintiff had not completed the act of passing but was yet in the course of that act "and straddling" the dividing line between the lanes, as he described it, or two or three feet over in the northbound lane as his witness testified that the plaintiff pointed out to him. The plaintiff was thus violating § 46.1-190 of the Code, which provides:

"A person shall be guilty of reckless driving who shall:
* * *

"(e) Overtake or pass any other vehicle proceeding in the same direction * * at any intersection of highways unless such vehicles are being operated on a highway having two or more designated lanes of roadway for each direction of travel or on a designated one-way street or highway, or while pedestrians are passing or about to pass in front of either of such vehicles, unless permitted so to do by a traffic light or police officers; * *."

The exception made by the "unless" clause has no application to the intersection of Aberdeen Road and Galax street.

Plaintiff also at the time of the accident was driving in violation of § 46.1-205 of the Code, Ch. 4, Art. 4, "The Rules of the Road," which provides:

"In crossing an intersection of highways or the intersection of a highway by a railroad right of way, the driver of a vehicle shall at all times cause such vehicle to travel on the right half of the highway unless such right side is obstructed or impassable."

As said by Mr. Justice Spratley in *Simmons* v. *Craig*, 199 Va. 338, 342, 99 S.E.2d 641, 645:

"The 'Rules of the Road' * * are designed to protect the users of the highways. They are for the guidance and benefit of those who proceed in the same direction, proceed in the opposite direction, who may be stopping, starting, or crossing the highway, or those who may undertake to pass another vehicle, and those who may be affected by the operation of a motor vehicle."

In *Richardson* v. *Commonwealth*, 192 Va. 55, 56, 63 S.E.2d 731, 732, we said:

"The violation of one or more of the statutes * *, defining reckless

driving, and the statutes * *, prescribing 'The Rules of the Road' is negligence sufficient to support a civil action if such negligence was the proximate cause of the injury or damage sustained. * *."

In *McBride* v. *First Nat. Bank*, 170 Va. 282, 196 S.E. 589, Trundle was crossing a street in Danville when he was struck by a car driven by McBride and received injuries from which he died. A judgment on a verdict for Trundle's estate was affirmed, and in the opinion it was said:

"* * The weight of the testimony, we think, tends strongly to show that the defendant cut out of the line of traffic so near to the intersection of Chestnut street that when he passed or was in the act of passing the van they were both in the intersection. If that is so, it was in violation of the provisions of the statute and would be primary negilgence. * *." 170 Va. at 285-6, 196 S.E. at 590.

Clearly Mason violated the statutes referred to and was guilty of negligence. It is equally plain that his negligence was a proximate, efficient cause of the accident. Had he kept to his side of the road and not driven his car to his left within the intersection in passing the car in front of him, the collision between his car and the defendant's car would not have occurred. *Holland* v. *Edelblute*, 179 Va. 685, 689, 20 S.E.2d 506, 508.

We hold that the court below erred in overruling the defendant's motion to strike the plaintiff's evidence. It showed as a matter of law that he was guilty of contributory negligence. *Hubbard* v. *Murray*, 173 Va. 448, 457, 3 S.E.2d 397, 402; *Nehi Bottling Co.* v. *Lambert*, 196 Va. 949, 955, 86 S.E.2d 156, 159. This conclusion makes it unnecessary to rule on the errors assigned to the giving and refusing of instructions.

The judgment below is reversed and final judgment for the defendant will be entered here.

*Reversed and final judgment.*