## Richmond

JOSEPH M. WHITE v. JOHN DOE.

June 13, 1966.

Record No. 6137.

Present, Eggleston, C. J., and Spratley, Snead, I'Anson, Carrico and Gordon, JJ.

*Willard J. Moody* and *Richard D. Mattox* (*Moody, Mattox, Young and West,* on brief), for the plaintiff in error.

*Allan S. Reynolds* (*White, Ryan and Reynolds,* on brief), for the defendant in error.

CARRICO, J. delivered the opinion of the court.

Joseph M. White, the plaintiff, filed a motion for judgment against John Doe, an unknown uninsured motorist, the defendant. The motion sought the recovery of damages for personal injuries sustained by the plaintiff, a member of the Portsmouth police department, when his motorcyle crashed during a chase to apprehend the

defendant. The motion alleged that the accident occurred as the result of the negligence of the defendant.

The plaintiff carried an automobile liability insurance policy with State Farm Mutual Automobile Insurance Company containing a provision protecting the plaintiff against damages for injuries suffered at the hands of an uninsured motorist. Process, together with a copy of the motion for judgment, was served upon State Farm. State Farm answered in its own name and on behalf of the defendant, denying liability for the plaintiff's claim.

A jury trial resulted in a verdict in favor of the plaintiff in the sum of $6,250.00. Upon motion of the defendant, the trial court set aside the verdict and entered summary judgment in favor of the defendant, holding that the plaintiff was guilty of contributory negligence as a matter of law and thus barred from recovery. From the final order of the court embodying its rulings, the plaintiff was granted this writ of error.

The evidence shows that at approximately 7:30 p.m. on April 24, 1963, the plaintiff was patrolling on his motorcycle in the Port Norfolk area of the city of Portsmouth. He was proceeding westwardly on Hartford Street when, ahead of him, he observed an automobile enter Hartford Street from Florida Avenue at a fast rate of speed and proceed in a westerly direction.

The plaintiff pursued the speeding vehicle for approximately four blocks before he was able to secure a check of its speed. When he was 50 to 60 feet behind the vehicle, he determined that it was going 44 or 45 miles per hour in a 25 mile per hour zone.

The plaintiff turned on the red blinking lights with which his motorcycle was equipped and attempted to stop the driver of the automobile. When the two vehicles reached Willett Drive, which intersected Hartford Street in the form of a "T" from the south, the plaintiff "moved over into the left-hand lane to pull up beside him, and . . . got up beside his rear wheel." The driver of the automobile then "abruptly put on brakes and made a turn into Willett Drive."

The plaintiff applied his brakes and turned his motorcycle sharply to the left, thus avoiding a collision with the automobile. The motorcycle went out of control, however, and the plaintiff was thrown over its handlebars to the ground, causing the injuries which formed the basis of the present action.

The driver of the automobile did not stop and the plaintiff was

unable to identify him or to secure the license number of his vehicle. It was not shown whether the defendant was aware that the plaintiff was attempting to apprehend him or whether the defendant was even aware of the plaintiff's presence at the left side of his automobile.

The trial court held that the plaintiff was guilty of contributory negligence, as a matter of law, because he violated Code, § 46.1-190 (e). That Code section, insofar as is pertinent here, provides that "A person shall be guilty of reckless driving who shall . . . [o]vertake or pass any other vehicle proceeding in the same direction . . . at any intersection of highways. . . ."

The plaintiff first contends that the evidence did not show, as a matter of law, that he was overtaking or passing another vehicle at an intersection.

With this contention we cannot agree. The plaintiff's own testimony showed that he "got up beside [the defendant's] rear wheel" at the intersection immediately before the accident occurred. The plaintiff is bound by that testimony and his case can rise no higher than his own statement permits. *Massie* v. *Firmstone*, 134 Va. 450, 462, 114 S. E. 652. His testimony showed, as a matter of law, that he was overtaking the defendant's vehicle at the intersection.

The plaintiff also contends that since he was a police officer attempting to apprehend a law violator, much like a volunteer attempting to rescue a person in danger, he was not charged with the same degree of care as is required of the ordinary person; that he owed no duty to the defendant because the statute prohibiting overtaking or passing at an intersection was not designed to protect a law violator or to prevent a police officer from attempting to apprehend such a violator, and that he was thus not negligent in overtaking the defendant's vehicle at the intersection, as proscribed by Code, § 46.1-190 (e).

These contentions of the plaintiff are all answered by the statutes of this Commonwealth and the prior decisions of this court.

Code, § 46.1-168, a part of Chapter 4 of the Motor Vehicle Code which also includes Code, § 46.1-190 (e), provides that "The provisions of this chapter applicable to the drivers of vehicles upon the highways shall apply to the drivers of all vehicles regardless of ownership subject to such specific exceptions as are set forth in this chapter."

Thus, Code, § 46.1-190 (e), prohibiting overtaking or passing at

an intersection, is applicable to police vehicles unless there is a specific exception in the statutes exempting such vehicles from its application.

We find only two Code sections exempting police vehicles from the application of the provisions of Chapter 4 of the Motor Vehicle Code. In Code, § 46.1-199 police vehicles are exempted, under prescribed circumstances, from the speed limitations imposed by Chapter 4 when such vehicles are operated in the chase or apprehension of violators of the law.

In Code, § 46.1-226 the operators of publicly owned police vehicles are exempted, under prescribed circumstances, when engaged in the chase or apprehension of violators of the law, from criminal prosecution for:

(1) Proceeding "past red signal, light, stop sign or device indicating moving traffic shall stop. . . .";

(2) Parking or standing; or

(3) Disregarding "regulations governing a direction of movement of vehicles turning in specified directions so long as the operator does not endanger life or property."

Each of these statutes, providing exceptions to the traffic laws for police vehicles, contains the proviso that it shall not "be construed to release the operator of any such vehicle from civil liability for failure to use reasonable care in such operation."

There is, in the statutes, no specific exception exempting the operators of police vehicles from compliance with the law prohibiting the overtaking or passing of other vehicles at intersections. The legislature, having dealt with the subject of the relationship of the traffic laws to police vehicles in such a selective manner, has clearly indicated that the operators of such vehicles are bound to observe the requirements of Code, § 46.1-190 (e) in the same manner as the operators of ordinary vehicles.

And, since the only exceptions which are provided relate directly to police vehicles engaged in the apprehension of law violators, it is inescapable that Code, § 46.1-190 (e), to which there are no exceptions, must be observed by the operators of police vehicles even while engaged in the apprehension of law violators.

This court held in *Virginia Transit Co.* v. *Tidd*, 194 Va. 418, 425, 73 S. E. 2d 405, that, in the absence of specific exceptions, police vehicles are subject to the laws regulating traffic, for the violation of which the operator of such a vehicle is guilty of negligence as a matter of law.

In *Richardson* v. *Commonwealth*, 192 Va. 55, 56, 63 S. E. 2d 731, it was stated that "The violation of one or more of the statutes [§§ 46.1-189 to 46.1-192.1], defining reckless driving . . . is negligence sufficient to support a civil action if such negligence was the proximate cause of the injury or damage sustained." See also *Standard Oil* v. *Williams*, 202 Va. 362, 365, 117 S. E. 2d 93 and *Smith* v. *New Dixie Lines*, 201 Va. 466, 470, 111 S. E. 2d 434.

The occurrence in dispute before us is of the very nature which Code, § 46.1-190 (e) was purposefully designed to prevent. *Holland* v. *Edelblute*, 179 Va. 685, 689-690, 20 S. E. 2d 506. By his action in overtaking the defendant's vehicle at the intersection, the plaintiff contributed directly to his own injuries. *Loving* v. *Mason*, 206 Va. 613, 618, 145 S. E. 2d 131.

It follows, therefore, that the plaintiff was guilty of contributory negligence, as a matter of law, in overtaking the defendant's vehicle at the intersection and that such negligence was a proximate cause of his injuries.

We find no error in the action of the trial court in setting aside the verdict of the jury. The judgment of the court will, accordingly, be affirmed.

*Affirmed.*