## LAW AND EQUITY COURT OF THE CITY OF RICHMOND

City of Richmond

v.

Eldridge E. Toler and
E. G. Bowles Co.

By JUDGE A. CHRISTIAN COMPTON

November 13, 1970

Enclosed you will find a copy of the order entered today by the Court upon its own motion which vacates the judgment in favor of the defendants in the above case rendered on October 29, 1970, and returns this case to the trial docket for further consideration thereof.

In connection with another matter, I had occasion to review again today the provisions of Code § 46.1-225 and § 46.1-226 relating to the operation of emergency vehicles and the duties of the operators thereof. The review of these statutes leads the Court to the tentative conclusion that it erroneously instructed the jury in the above case, and I refer specifically to Instruction I, a copy of which is enclosed herewith.

That instruction, of course, provided that the operator of the fire truck was under a duty to yield the right of way to the driver of the defendant's vehicle. § 46.1-225 provides in part that upon the approach of any vehicle used for the purpose of fighting fire when travelling in response to a fire alarm:

> giving audible signal by siren. . . the driver of every other vehicle shall immediately drive the same to a position as near as possible and parallel to the right-hand edge or curb, clear of any intersection of highways, and shall stop and remain in such position unless

otherwise directed by a police or traffic officer until such vehicle shall have passed. This provision shall not operate to relieve the driver of any such vehicle from the duty to drive with due regard for the safety of all persons using the highway, nor shall it protect the driver of any such vehicle from the consequences of an arbitrary exercise of *such right-of-way*.

(b) *Violation of this section shall constitute failure to yield the right-of-way*. (Italics supplied.)

The effect of this statute and the provisions underlined may be that if the fire truck complies with the requirement of sounding the proper signal, then it has the right of way at the intersection even though, as in this case, the fire truck was faced with a "yield right of way" sign. The words "such right-of-way" contained in the above-quoted statute could only refer to a right of way granted thereunder to the operator of the emergency vehicle. If this be true, then under the facts of this case the Court committed error in telling the jury that the operator of the fire truck was under a duty to yield the right of way to the driver of the defendant's vehicle, if they believed that the operator of the fire truck was giving an audible signal by siren.

It is for this reason that the Court has vacated this judgment in order to allow counsel to address themselves to this issue, which was not raised during the course of the trial or during the argument of the instructions. Of course, if the Court committed error as aforesaid, the plaintiff must be granted a new trial.

December 17, 1970

Enclosed you will find a copy of the order entered today which reinstates the judgment in favor of the defendants in the above case.

As you know, the Court vacated the prior judgment to consider whether it erred by telling the jury in Instruction I that it was the duty of the operator of the fire truck to yield the right of way at the intersection

in question. The Court was concerned that the provisions of Code § 46.1-225 granted the right of way to the fire vehicle and authorized its driver to proceed with the exercise of ordinary care past the yield right of way sign facing him. The Court has now concluded that since no specific exception has been created by the legislature which would relieve the operator of the fire truck of his duty to obey the command of the yield right of way sign, then none exists. That being the case, the Court is of the opinion that it committed no error in its instruction aforesaid and that the verdict of the jury should not be set aside.

Furthermore, the jury was instructed in Instruction 7 that it was the duty of the operator of the defendant's truck to immediately drive his vehicle to the righthand curb of Clay Street and to stop and remain in such position until the fire truck had passed. This, of course, is in accordance with Section 46.1-225, as far as it goes. It fails to mention the existence of any right of way, but the plaintiff did not ask for an instruction which would have told the jury that it was the duty of the defendant's operator to yield the right of way to the fire truck pursuant to the provisions of the aforesaid statute, therefore, the Court does not reach for decision in this case the apparent conflict which exists under the facts of the case between Section 46.1-225, which requires the defendant's driver to yield the right of way to the fire truck on the one hand, and the several statutes which combine to require the operator of the fire truck to yield the right of way to the defendant's vehicle on the other hand.

As to the duty of the operator of the fire truck to yield the right of way, the same reasoning applies in this case as was applied to the operator of the police vehicle in the case of *Virginia Transit Co.* v. *Tidd*, 194 Va. 418 (1952). Code § 46.1-168 provides that the motor vehicle laws apply to the drivers of all vehicles regardless of ownership "subject to such specific exceptions as are set forth" therein. Code Section 46.1-173 requires the operators of motor vehicles to obey the requirements of road signs erected by local authorities in cities. Therefore, since no specific exception has been created allowing the operator of the fire vehicle to proceed past this

yield right of way sign, the plaintiff's driver in this case was under a duty to obey such sign and comply with Section 46.1-221 and yield the right of way to the defendant's vehicle. If § 46.1-225 creates an exception to Section 46.1-221, "it does so by implication and not by a specific exception." 194 Va. at 423. See also *White v. John Doe*, 207 Va. 276 (1966); *Transit Company v. Hodges*, 201 Va. 232 (1959); *Phillips* v. *U. S.*, 182 F. Supp. 312, 315 and 316 (E.D. Va. 1960).

For these reasons, the verdict of the jury should not be disturbed.