Inez G. ST. CYR, Plaintiff,

v.

GREYHOUND LINES, INC., Defendant.

No. 79 C 598.

United States District Court,
E. D. New York.

March 18, 1980.

George M. Schlossman, Brooklyn, N. Y., by Irving Friedberg, Brooklyn, N. Y., for plaintiff.

Crowe, McCoy, Agoglia, Fogarty & Zweibel, Mineola, N. Y., by Patrick J. Fogarty, Patrick J. Crowe, Mineola, N. Y., for defendant.

## MEMORANDUM AND ORDER

NEAHER, District Judge.

This removed action to recover for personal injuries allegedly sustained by plaintiff while a passenger on one of defendant's busses is now before the court on defendant's motion pursuant to 28 U.S.C. § 1404(a) to transfer this case to the Eastern District of Virginia and plaintiff's cross-motion for partial summary judgment, Rule 56(c), F.R. Civ.P. For the reasons which follow, the court declines to grant summary judgment and holds that the convenience of parties and witnesses and the interest of justice require that the action be transferred.

The following facts appear to be undisputed. Plaintiff purchased a round-trip passenger ticket to Norfolk, Virginia, at defendant's bus terminal in New York City on the evening of February 7, 1978, for the purpose of attending the funeral of her sister-in-law. Shortly after 4:30 A.M. the next morning, while travelling on U.S. Route 13 south of Wierwood, Virginia, defendant's bus collided with a snowplow truck owned by the Virginia Department of Highways and Transportation and operated by the Department's employee, Calvin Morris. As a result of the accident, plaintiff sustained personal injuries and was admitted to Norfolk General Hospital in Virginia, where she remained for treatment until March 2, 1978. The driver of defendant's bus, Joseph Verbitski, was found guilty of improper driving and fined $50.00 by the General District Court for the County of Northampton, Virginia, on March 3, 1978.

We deal first with plaintiff's cross-motion for summary judgment. Summary judgment may be rendered only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), F.R.Civ.P. Pursuant to the 1963 amendments, Rule 56(e) provides that when a motion for summary judgment is supported by proper affidavits, "an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial."

In determining whether to grant a motion for summary judgment, the court "cannot try issues of fact; it can only determine whether there are issues to be tried." *American Mfrs. Mut. Ins. Co. v. American Broadcasting-Paramount Theatres, Inc.*, 388 F.2d 272, 279 (2 Cir. 1967), *quoted in Securities Exchange Commission v. Research Automation Corp.*, 585 F.2d 31, 33 (2 Cir. 1978). It must accept as true factual statements in the opposing party's affidavits, draw all permissible inferences in that party's favor, *Hill v. A-T-O, Inc.*, 535 F.2d 1349 (2 Cir. 1976), and resolve any doubts in favor of the latter, *American Mfrs. Mut. Ins. Co. v. American Broadcasting-Paramount Theatres, Inc., supra.* "The very mission of the summary judgment procedure [however] is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Adv.Com. Note to Proposed Amendments to Rule 56(e), 31 F.R.D. 648 (1962). See generally *Applegate v. Top Associates, Inc.*, 425 F.2d 92 (2 Cir. 1970); *Donnelly v. Guion*, 467 F.2d 290, 292 (2 Cir. 1972).

In the context of actions alleging a defendant's negligence, summary judg-

ment is only rarely granted since the existence or non-existence of negligence is to be determined by the appropriate trier of fact's application of the "reasonable man" standard, and therefore genuine issues of fact are almost always presented. *Mertens v. Agway, Inc.*, 278 F.Supp. 95, 99 (S.D.N.Y. 1967). See, *e. g., In re M/T Alva Cape*, 405 F.2d 962, 967 (2 Cir. 1969); *Samuels v. Health and Hospitals Corporation of the City of New York*, 432 F.Supp. 1288 (S.D.N.Y.1977). Issues concerning negligence, such as observance of due care and the avoidability of an accident, are ordinarily not susceptible to summary adjudication, *Arney v. U. S.*, 479 F.2d 653 (9 Cir. 1973); *Willetts v. General Telephone Directory Co.*, 38 F.R.D. 406 (S.D.N.Y.1965), and even where plaintiff appears to have established a prima facie case, if defendant has submitted an explanation in opposition the determination regarding negligence should not be taken away from the jury by a grant of summary judgment. *Noth v. Scheurer*, 285 F.Supp. 81 (E.D.N.Y.1968).

In support of her motion for summary judgment, plaintiff has submitted the certified transcript of the proceeding wherein the General District Court for the County of Northampton, Virginia, found the driver of defendant's bus guilty of improper driving. In response, defendant has come forward with the driver's affidavit and accident report, filed with defendant shortly after the incident, which, although at least in part contradicted by testimony and cross-examination in the Virginia proceeding, may raise issues of material facts concerning the road and weather conditions at the time of the accident. Plaintiff argues that the Virginia court's finding of guilty necessarily implied a rejection of the driver's version of the accident and, therefore, that defendant has not come forward with sufficient showing of a *genuine* issue of fact to forestall summary judgment on the issue of liability for negligence.

■ It is true that under Virginia law violation of one or more of the criminal statutes defining reckless driving is evidence of negligence sufficient to establish a prima facie case for plaintiff in a civil action if such negligence was the proximate cause of the injury sustained. *Richardson v. Commonwealth*, 192 Va. 55, 63 S.E.2d 731 (1951); *White v. Doe*, 207 Va. 276, 148 S.E.2d 797 (1966). However, the driver was found guilty of the lesser violation of improper driving pursuant to Va.Code § 46.1–192.2, which authorizes a Virginia trial court, in its discretion, to make such a finding in a prosecution for reckless driving "where the degree of culpability is slight." Plaintiff has not offered, nor has the court found, authority for the proposition that a Virginia conviction for improper driving is sufficient evidence to establish a civil plaintiff's prima facie case of negligence. Moreover, even if the driver's conviction could be shown to require such a finding, this court might still find it difficult to say, resolving all ambiguities and drawing all reasonable inferences in its favor, *Heyman v. Commerce and Industry Co.*, 524 F.2d 1317, 1319 (2 Cir. 1975), that defendant's submissions in opposition to plaintiff's cross-motion are too incredible to be accepted by reasonable minds and therefore insufficient to avoid a grant of summary judgment for plaintiff. *Price v. Worldvision Enterprises, Inc.*, 455 F.Supp. 252, 266 (S.D.N.Y.1978). See *Arnstein v. Porter*, 154 F.2d 464, 469 (2 Cir. 1945).

■ However, these issues will involve determinations of State law which we believe a district court sitting in Virginia is in a better position to make than this court. *Vaughn v. American Basketball Assn.*, 419 F.Supp. 1274, 1278 (S.D.N.Y.1976). Under these circumstances, and in the light of our decision to transfer the action to the Eastern District of Virginia, the court is of opinion that the better course is to decline to rule on plaintiff's cross-motion for partial summary judgment and leave its resolution to the court which will be responsible for the final disposition of the entire case. See, *e. g., Hercules Co. v. S. S. Aramis*, 226 F.Supp. 599 (D.C.La.1964); *U. S. v. Swift & Co.*, 158 F.Supp. 551 (D.D.C.1958); *Anthony v. RKO Radio Pictures*, 103 F.Supp. 56 (S.D.N.Y.1951).

■ Turning next to defendant's motion to transfer, 28 U.S.C. § 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

Plaintiff is a citizen of New York. Defendant is a citizen of California and Arizona, and does business in Virginia. Since the cause of action arose in Virginia, and diversity of citizenship exists, the action could originally have been brought in Virginia. It is also clear that a removed action may be transferred to a more appropriate district. See *Benton v. Elkins, Weems and Searls,* 255 F.2d 299 (2 Cir.), *cert. denied,* 358 U.S. 885, 79 S.Ct. 123, 3 L.Ed.2d 113 (1958).

■ While a motion to change venue is directed to the sound discretion of the district court, *Goldstein v. Rusco Industries, Inc.,* 351 F.Supp. 1314, 1316 (E.D.N.Y.1972), a plaintiff's choice of venue should not be lightly upset. *A Olinick & Sons v. Dempster Bros. Inc.,* 365 F.2d 439 (2 Cir. 1966). The criteria weighed by a court in deciding a motion under § 1404(a) are: (1) convenience of the parties; (2) convenience of material witnesses; (3) availability of process to compel the presence of unwilling witnesses; (4) the cost of obtaining the presence of witnesses; (5) the relative ease of access to sources of proof; (6) calendar congestion; (7) where the events in issue took place; and (8) the interests of justice in general. *Goodman v. Schmalz,* 80 F.R.D. 296 (E.D.N.Y.1978); *Scheinbart v. Certain-Teed Products Corp.,* 367 F.Supp. 707 (S.D. N.Y.1973). The burden is on the movant to make a clear-cut showing that the balance of conveniences and the interests of justice favor a trial in the proposed transferee forum. *Y⁴ Design, Ltd. v. Regensteiner Publishing Enterprises, Inc.,* 428 F.Supp. 1067 (S.D.N.Y.1977). Defendant here has made such a showing.

■ Although plaintiff's choice of forum normally would be entitled to considerable weight, the deference due her choice is seriously undermined by the factor that none of the conduct complained of in this action occurred in this district. *Chicago, R. I. & P. R. Co. v. Igoe,* 220 F.2d 299 (7 Cir.), *cert. denied,* 350 U.S. 822, 76 S.Ct. 49, 100 L.Ed. 735 (1955); *Goodman v. Schmalz, supra; Foster v. Litton Industries, Inc.,* 431 F.Supp. 86 (S.D.N.Y.1977). It is clear that defendant's alleged negligence in the control and operation of its bus on the morning of February 8, 1978 must have taken place, if anywhere, in Virginia. In the light of this fact, the asserted inconvenience to plaintiff of a transfer does not carry great weight. *Chicago, R. I. & P. R. Co. v. Igoe, supra.*

Defendant seeks a transfer in part in order to be able to bring a third-party claim for contribution against Calvin Morris, the driver of the other vehicle involved in the accident. Morris resides in Virginia, and it is not contested that he is not subject to the jurisdiction of this court. It is apparent that if this case is not transferred, and defendant is found liable to plaintiff in this court, defendant will be put to the inconvenience of commencing a new action on its claim for contribution in Virginia, where Morris is subject to process. In addition to the judicial interest in consolidating the trials of closely related issues, as discussed below, the inability to implead other parties directly involved in the controversy is a factor which weighs against the retention of jurisdiction in this district. *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 511, 67 S.Ct. 839, 844, 91 L.Ed. 1055 (1947); *Fitzgerald v. Texaco, Inc.,* 521 F.2d 448, 453 (2 Cir. 1975), *cert. denied,* 423 U.S. 1052, 96 S.Ct. 781, 46 L.Ed.2d 641 (1976).

Turning to the factors relating to non-party witnesses, it appears uncontested that most, if not all, of the other passengers on the bus were asleep at the time of the accident and would not be called at trial as material witnesses. Defendant has listed the names and addresses of five doctors, all in the Eastern District of Virginia, who are expected to testify regarding their observation and treatment of plaintiff in Virginia after the accident. Conceding that these doctors are not subject to the compulsory process of this court, plaintiff suggests that

the substance of their testimony can be obtained by certifying the relevant hospital records and introducing them into evidence in this court, supplemented by the testimony of a New York doctor who subsequently examined plaintiff. A court considering this type of motion should look to the nature of the proposed witnesses' testimony, *Vaughn v. American Basketball Assn., supra*, 419 F.Supp. at 1276, and it seems here that the Virginia doctors may well be in a better position to testify as to the nature and extent of plaintiff's injuries, particularly with regard to the issue of a pre-existing glaucoma condition in plaintiff's eyes, which may bear on the question of damages.

It is anticipated that Virginia State Police Trooper R. C. Klepper will testify as to his observations of the vehicles and road and weather conditions immediately following the accident, as well as his conversations with both drivers, and his subsequent investigation of the incident. It is also expected that Calvin Morris, the driver of the snowplow truck, will be a material witness. Both these witnesses are beyond the compulsory process of this court, and it is apparent that their credibility will be significant issues at trial. See *Poller v. Columbia Broadcasting System*, 368 U.S. 464, 473, 82 S.Ct. 486, 491, 7 L.Ed.2d 458 (1962); *Saminsky v. Occidental Petroleum Corp.*, 373 F.Supp. 257, 260 (S.D.N.Y.1974). Under these circumstances, the balance of conveniences of witnesses, as well as the costs of obtaining their testimony and the availability of compulsory process, favor Virginia as a forum. *Commercial Solvents Corp. v. Liberty Mutual Ins. Co.*, 371 F.Supp. 247 (S.D.N.Y.1974).

Defendant also argues that the relative ease of access to sources of documentary proof, such as the hospital records and highway authority reports, which are all in Virginia, supports its motion to change venue. While it would not be impossible to obtain these proofs for a trial in New York, the complications involved provide further support for our conclusion that the direct and indirect costs of litigation in this district would be greater than those of litigation in Virginia. See *Helfant v. Louisiana and Southern Life Ins. Co.*, 82 F.R.D. 53 (E.D.N.Y.1979).

Finally, two additional factors argue for a finding that the interests of justice would be served by a transfer to Virginia. Regardless of where this action is tried, it appears that it will be governed by the law of Virginia, *Van Dusen v. Barrack*, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964), and, as discussed above, if novel or complex issues of State law are involved, the ability of a district court sitting in Virginia to deal with that State's law is apparent. See *Vaughn v. American Basketball Assn., supra*, 419 F.Supp. at 1278; *Scheinbart v. Certain-Teed Products, supra*, 367 F.Supp. at 710. Secondly, it appears that there are pending now in Virginia other personal injury actions arising out of the accident involved here and there exists the opportunity to consolidate them with this action in the interests of economy and complete justice, a factor which weighs in favor of a transfer. See *Ladson v. Kibble*, 307 F.Supp. 11, 16 (S.D.N.Y.1969). In the light of all the foregoing, the court is of opinion that defendant has clearly shown that this action is most appropriately tried in Virginia.

Accordingly, defendant's motion to transfer the action to the district court for the Eastern District of Virginia is granted.

SO ORDERED.