# Richmond

## ELDON LESTER YATES v. ROBERT POTTS, SR.

March 9, 1970.

Record No. 7043.

Present, All the Justices.

*Louis Koutoulakos*, for plaintiff in error.

*Robert C. Coleburn*, for defendant in error.

HARMAN, J., delivered the opinion of the court.

The plaintiff, Eldon Lester Yates, filed a motion for judgment against the defendant, Robert Potts, Sr., to recover for personal in-

juries sustained as the result of a collision between an automobile and a motorcycle.

The motion for judgment alleged that defendant was negligent in failing to give the signal required by statute of his intention to stop or turn and in operating a motor vehicle with defective lights.

The matter was heard before a jury. At the conclusion of plaintiff's case, defendant moved to strike the evidence on the ground plaintiff was guilty of contributory negligence as a matter of law. The trial court granted the motion and entered summary judgment for defendant. We granted a writ of error to plaintiff.

In these circumstances plaintiff is entitled, under well-established rules, to have the evidence viewed in the light most favorable to him.

The accident occurred on September 1, 1964, at approximately 10:30 a.m., at the intersection of State Routes 123 and 641 in Fairfax County. Route 123 is a narrow two-lane paved highway running from north to south which generally follows the contours of the rolling terrain, thereby creating many curves and hillcrests. Route 641, which is an unpaved road, intersects with the east side of Route 123 to form a "T" intersection approximately 100 feet south of one of these hillcrests. The intersection is not visible to one traveling south on Route 123 until that person reaches the hillcrest. The posted speed limit on Route 123 was 45 miles per hour.

On the day of the accident plaintiff, who was a county police officer, was working as a member of a radar team. The group had set up its radar equipment and was checking the speed of vehicles traveling on Route 123. Defendant, driving south in a 1959 Ford automobile, passed through the radar beam at a speed of 60 miles per hour, 15 miles per hour in excess of the speed limit. Plaintiff, riding a motorcycle, started in pursuit of defendant for the purpose of charging him with this violation.

Plaintiff entered Route 123 from a side road where he had been concealed. At that time he had already turned on his flashing red light, which continued to operate up to the time of impact, and was blowing his siren.

He continued to blow his siren for approximately ½ mile. At this point he approached a series of curves approximately ½ mile north from the point where the accident occurred. He removed his foot from the siren lever and placed it on the clutch in order to operate the clutch in negotiating these curves.

After rounding the last curve in this series, plaintiff saw defendant going over the hillcrest approximately 100 yards ahead of him. At that time no brake lights were visible on defendant's car and no turn signal was being given by defendant.

As plaintiff passed over the hillcrest, he saw the defendant's car stopped or moving slowly at the intersection 100 feet south of the hillcrest. Plaintiff applied the brakes on his motorcycle and skidded into the rear of defendant's car.

Defendant, called as an adverse witness by plaintiff, testified that he intended to turn left into Route 641 and was "just moving slow" or "standing still" when the collision occurred. An examination of defendant's car at the scene of the accident by the investigating officer established that the brake lights on the defendant's car were not operating. No signal of his intention to make a left turn was given by the defendant prior to the accident.

Defendant subsequently entered a plea of guilty in the Fairfax County Court to speeding, failure to give a signal when making a turn and "no brake lights".

We turn now to consideration of the trial court's action in striking plaintiff's evidence. In making his motion to strike, defendant contended that plaintiff was guilty of negligence per se for violating the statute against speeding. Defendant argued that plaintiff was operating at an excessive speed when he went over the hillcrest and since he was not then sounding his siren, he was not entitled to the exemption granted police officers by law.[1] Defendant also contended that

---

[1] "§ 46.1-199. *Exceptions to speed limitations; when exemptions applicable; prosecution for recklessness; civil liability.*—(a) The speed limitations set forth in this chapter shall not apply to vehicles when operated with due regard for safety under the direction of the police in the chase or apprehension of violators of the law, or of persons charged with or suspected of any such violations, or in testing the accuracy of speedometers on police vehicles, or in testing the accuracy of the radio microwave or other electrical devices specified in § 46.1-198 nor to fire department vehicles when traveling in response to a fire alarm or pulmotor call, nor to ambulances when traveling in emergencies outside the corporate limits of cities and towns.

"(b) These exemptions, hereinbefore granted to such a moving vehicle, shall apply only when the operator of such vehicle displays a flashing, blinking or alternating red light and sounds a siren, bell, or exhaust whistle, as may be reasonably necessary, and, only when there is in force and effect for such vehicle standard automobile liability insurance covering injury or death to any one person in the sum of at least $25,000. Such exemptions shall not, however, protect the operator of any such vehicle from criminal prosecution for conduct constituting reckless disregard of the safety of persons and property. Nothing in this section shall be construed to release the operator of any such vehicle from civil liability for failure to use reasonable care in such operation." [The foregoing was the language of the Code section in 1964,

plaintiff was guilty of contributory negligence in going over the hill-crest at such speed that he could not "stop his vehicle" when he knew there was an intersection only 100 feet south of the hillcrest.

■ Thus, plaintiff's testimony as to his speed when he went over the hillcrest was crucial to disposition of defendant's motion to strike. In his direct testimony, plaintiff said at one point that his speed at the hillcrest was "between 40 and 50" and at another point that it was "between 45 and 50". On cross-examination, plaintiff replied affirmatively to defense counsel's query, "as I understand you to say, you were going approximately 50?"

Defendant contends that plaintiff is bound to his highest estimate of speed, 50 miles per hour or 5 miles in excess of the posted limit, under the rule of *Massie v. Firmstone*, 134 Va. 450, 114 S. E. 652 (1922). However, the *Massie* case does not stand for the proposition advanced by defendant. In *Saunders v. Bullock*, 208 Va. 551, 553, 159 S.E.2d 820, 823 (1968), we said of the *Massie v. Firmstone* rule:

> "The rule does not necessarily apply to statements of opinion or of incomplete facts. It applies 'where a litigant testifies unequivo-cally to facts within his knowledge and upon which his case turns.' . . . But if his testimony in its entirety does not unequivocally show that his case is without merit or if reasonable men may differ as to its effect, 'the jury must be permitted to pass upon the testimony and the effect thereof, taken together with all the other evidence in the case.' "

Here, plaintiff estimated his speed at between 40 and 50 miles per hour. While the highest estimate would have been in excess of the posted limit, a jury of fair-minded men could differ as to the inter-pretation and effect of plaintiff's testimony and could reasonably decide to accept the highest or the lowest estimate or to fix the speed at some rate in between. We hold, therefore, that plaintiff's testimony created a jury issue as to his speed.

■ This brings us to the question whether, if the jury found plaintiff was exceeding the speed limit, he was entitled to the exemp-tion granted police officers by law. Code § 46.1-199 provides that the speed limitations set forth in the Motor Vehicle Code "shall not apply to vehicles when operated with due regard for safety under the

when the accident in question occurred. An amendment in 1966 inserted "or air horn designed to give automatically intermittent signals" in the first sentence of subsection (b).]

direction of the police in the chase or apprehension of violators of the law." The effect of this Code section is that violation of the statute fixing speed limits (Code § 46.1-193) is not negligence per se if the exemption is applicable.

One of the conditions in Code § 46.1-199 to the applicability of the exemption is that the operator of a police vehicle sound "a siren . . . as may be reasonably necessary." Defendant contended in the trial court that plaintiff was not entitled to the exemption because he was not sounding his siren when he went over the hillcrest.

Plaintiff conceded that he was not sounding his siren at the precise moment he passed over the hillcrest. He explained, however, that he was not sounding the siren because it was necessary in negotiating the curves through which he had just passed to remove his foot from the siren lever in order to operate the clutch. Plaintiff stated that "when you go into curves . . . it is dangerous to ride with your foot off the clutch."

We believe the language of Code § 46.1-199 "as may be reasonably necessary" has due regard for the safety of the police officer conducting a chase as well as the law violator and members of the general public. We do not read the Code section to withhold from a police officer the exemption thereby granted if his failure to sound his siren at a given moment is based upon reasonable considerations for his own safety.

What is reasonable in a given situation is ordinarily a factual question. In this case, it was for the jury to say whether plaintiff sounded his siren as was "reasonably necessary" and whether he was entitled to the exemption provided by Code § 46.1-199.

[3] We find no merit to defendant's final contention that plaintiff was guilty of contributory negligence as a matter of law in going over the hillcrest at 40 to 50 miles per hour when he knew the intersection was only 100 feet away. The law in Virginia imposes no duty to drive an automobile at such speed that it can be stopped at all times within the range of the driver's vision. *Finch* v. *McRae*, 206 Va. 917, 922, 147 S.E.2d 83, 87 (1966).

It was error for the trial court to strike plaintiff's evidence and enter summary judgment for defendant. The judgment appealed from will be reversed and the case remanded for further proceedings.

*Reversed and remanded.*