## Richmond

THOMAS F. SMITH, AN INFANT, WHO SUES BY HARLEY M. JUNE,
HIS NEXT FRIEND v. ROBERT A. LAMAR.

April 24, 1972.

Record No. 7698.

Present, All the Justices.

*Robert G. Winters* (*Louis H. Cohn; White, Reynolds, Smith &
Winters,* on brief), for plaintiff in error.

*Henry M. Schwan,* for defendant in error.

HARRISON, J., delivered the opinion of the court.

Robert A. Lamar filed his motion for judgment against Thomas
F. Smith and Gary Dean Hutton seeking to recover damages sustained
in an automobile accident. The jury returned a verdict for $25,000
against Smith and found for Hutton. Smith appeals the final judg-
ment entered by the lower court.

The underlying facts are not in controversy. On October 11,
1967, about 2 A. M., Robert A. Lamar, a police officer of the City
of Norfolk, while on duty, observed a Ford sedan automobile that
was proceeding north along Ingleside Road. It ran a red light,
skidded around into Virginia Beach Boulevard almost striking an-
other car, and then proceeded along the boulevard at a high rate of
speed. The police officer turned on his red flashing light and siren and

started in pursuit. The chase continued for four miles along Virginia Beach Boulevard to Chinese Corner where the operator of the fleeing car attempted to turn off the boulevard. He lost control, struck a light pole and skidded back into the highway where his car was struck in the rear by the police car.

During the course of the pursuit the Ford car, driven by Smith, disregarded signal lights and stop signs, and proceeded at speeds estimated to have been from 80 to 90 miles per hour.

The evidence disclosed that Smith and Hutton were teen-agers and had been drinking heavily prior to the accident. The Ford car was taken and driven by them without the consent or knowledge of the owner.

The dispositive issue in this case is reached by a consideration of appellant's assignments of error which question the action of the trial court in refusing to grant the following instructions:

"The Court instructs the jury that it is the duty of the operator of a motor vehicle to exercise ordinary care:

1. To keep a proper lookout;
2. To keep his vehicle under proper control;
3. To operate his vehicle at a reasonable speed under the circumstances and traffic conditions then and there existing regardless of any posted speed limit.

And if you believe from the evidence that the plaintiff failed to exercise ordinary care in the performance of any one or more of the foregoing duties, then he was negligent; and if you further believe from the evidence that any such negligence was the sole proximate cause of the collision or that it proximately contributed to cause the collision, then you shall return your verdict in favor of the defendant."

"The Court instructs the jury that it is the duty of the driver of a motor vehicle to exercise ordinary care not to follow another motor vehicle more closely than is reasonable and prudent, having due regard to the speed of both vehicles and the traffic upon, and conditions of, the highway at the time.

And if you believe from the evidence that the plaintiff failed to exercise ordinary care in the performance of the foregoing duty, then he was negligent; and if you further believe from the evidence that any such negligence was the sole proximate cause of the

collision, or that it proximately contributed to cause it, then you shall find your verdict in favor of the defendant."

"The Court instructs the jury that the maximum speed limit at the time and place of the collision involved herein was 55 miles per hour; and if you believe from the evidence that the plaintiff was driving his vehicle in excess of this limit without exercising reasonable care in so doing, then the plaintiff was negligent.

And if you further believe from the evidence that any such negligence was the sole proximate cause of the collision, or that it proximately contributed to cause it, then you shall find your verdict in favor of the defendant."

Code § 46.1-226, which exempts police officers from regulations in certain emergencies, is applicable here. It provides, in part, that the operator of any police vehicle, in the chase or apprehension of violators of the law, and when such vehicle is operated under emergency conditions, may, without subjecting himself to criminal prosecution; (1) proceed past red lights or stop signs if the speed and movement of the vehicle is reduced and controlled so it can pass such light or sign with due regard to safety of persons and property, (2) disregard regulations governing a direction of movement of vehicles turning in specified directions so long as the operator does not endanger life or property, and (3) pass or overtake, with due regard to the safety of persons and property, another vehicle at any intersection.

These exemptions, granted to such a moving police vehicle, apply only when its operator displays a flashing, blinking or alternating red light and sounds a siren. The exemptions do not protect the operator of any vehicle from criminal prosecution for conduct constituting reckless disregard for the safety of persons and property, or release the operator of any such vehicle from civil liability for failure to use reasonable care in such operation.

Admittedly, at the time this accident occurred, police officer Lamar was in pursuit of and seeking to overtake and stop the Ford automobile. He testified that his red flashing light was on and his siren was sounding.

In *Virginia Transit Co. v. Tidd*, 194 Va. 418, 73 S. E. 2d 405 (1952), we held that police vehicles were subject to all traffic regulations unless a specific exception is made. Thereafter the General

Assembly of Virginia granted the conditional exception which permits a police vehicle to proceed through a red light.

We reaffirmed *Tidd* in *White* v. *John Doe*, 207 Va. 276, 148 S. E. 2d 797 (1966) and applied the statutory mandate against a police vehicle overtaking or passing another vehicle in an intersection. Subsequently the General Assembly of Virginia granted a conditional exception applicable to such overtaking and passing in an intersection.

Appellant argues that Code § 46.1-213, which prohibits the driver of a motor vehicle from following another motor vehicle more closely than is reasonable and prudent, is applicable to the instant case since it contains no exemption or exception for police officers in the chase and apprehension of violators of the law.

Appellee contends that "the following too closely" provision of § 46.1-213 obviously does not apply to the facts in the instant case. He makes a distinction between "following" and "chase" or "apprehension". He says that inherent in the conditional right of a police officer to disregard the speed limit, red lights and stop signs and to pass in intersections is the right to overtake a fleeing vehicle and apprehend its operator. The trial court agreed.

We find it unnecessary to consider the applicability of Code § 46.1-213 for the three instructions are erroneous in other respects and were properly refused. We have said that the exemptions provided in Code § 46.1-226 are applicable. The fact that Lamar was exceeding the speed limit was not negligence *per se. Yates* v. *Potts,* 210 Va. 636, 172 S. E. 2d 784 (1970). In each of the three instructions offered by appellant the court was asked to instruct the jury that the duty of Lamar was to exercise "ordinary care" or "reasonable care" in the operation of his vehicle and in the performance of certain duties he owed.

> " ' "Reasonable care" or "ordinary care" is a relative term, and varies with the nature and character of the situation to which it is applied. The amount or degree of diligence and caution which is necessary to constitute reasonable or ordinary care depends upon the circumstances and the particular surroundings of each specific case. The test is that degree of care which an ordinary prudent person would exercise under the same or similar circumstances to avoid injury to another.' [Citing cases.]" *Perlin* v. *Chappell,* 198 Va. 861, 864, 96 S.E. 2d 805, 808 (1957).

However, in the instant case Officer Lamar was not "an ordinary person", or "an ordinary motorist". The standard of care which would customarily be required of the ordinary motorist to exercise the duties enumerated in the instructions does not apply to him. He was a police officer in hot pursuit of a law violator, and was operating his vehicle under certain conditions prescribed by law. The standard of care exacted of him is "the standard of care of a prudent man in the discharge of official duties of a like nature under like circumstances". Clearly, and irrespective of any other vice in the three instructions, they did not give the jury the proper standard with which to measure the negligence or absence of negligence of Officer Lamar in the instant case.

Appellant concedes the correctness of the standard of care that applies to a police officer for in his brief will be found the following language:

"In *Scogin* v. *Nugen*, 204 Kan. 568, 464 P. 2d 166, an action by Officer Scogin pursuing a speeding motorist when involved in an accident and hurt, the Court stated at page 173:

" 'The legislature requires the driver of an authorized emergency vehicle to drive with due regard for the safety of all persons . . . The same standard of care must apply regardless of whether the operator sues or is being sued.

"The proper standard of care required of the driver of an emergency police vehicle is the standard of care of a prudent man in the discharge of official duties of a like nature under like circumstances. (*McKay* v. *Hargis*, 351 Mich. 409, 88 N. W. 2d 456; *Edberg* v. *Johnson*, 149 Minn. 395, 184 N. W. 12; *Heimer* v. *Salisbury*, 108 Conn. 180, 142 A. 749).'

"It is clear that the effect of the ruling in *White* v. *Doe, supra*, is in accord with the majority rule as shown in the above two example cases."

The instructions were erroneous and should have been refused.

We have considered and find no merit in the other assignments of error made by appellant. In view of our decision it is unnecessary that we consider appellee's assignment of cross-error. The judgment of the trial court is

*Affirmed.*