## CIRCUIT COURT OF CHESTERFIELD COUNTY

Robbins

v.

Edward Wessel et al.

Case No. 2299-87

Spatig

v.

Edward Wessel et al.

Case No. 2300-87

May 23, 1988

By JUDGE WILLIAM R. SHELTON

This matter is before the Court on demurrers to the motions for judgment and special pleas of sovereign immunity filed by one of the two defendants, Edward Wessel, a Chesterfield County police officer. In these two consolidated wrongful death actions, arising from the same automobile collision, the plaintiffs allege that Edward Wessel engaged in a high speed pursuit of co-defendant Micah R. Baucom's vehicle without probable cause, on the highways of Chesterfield County at speeds in excess of 100 miles per hour. Plaintiffs allege the Baucom vehicle entered the intersection of Osborne Road and Jefferson Davis Highway on March

18, 1987, striking the automobile driven by George E. Spatig, Jr., causing Spatig's death. Scott L. Robbins, a passenger in the Baucom vehicle also died as a result of the collision. The police vehicle driven by Wessel did not enter the intersection and was not physically involved in the collision.

The plaintiffs allege that Wessel acted negligently, without the degree of care required of a reasonable person in discharging his official duties (Count I); that Wessel's actions constituted gross negligence (Count II); that Wessel was acting outside the scope of his employment (Count III); that Wessel was acting outside the scope of his authority (Count IV); that Wessel acted with actual malice (Count V); and that Wessel acted with a willful and wanton disregard for safety (Count VI). The plaintiffs seek both compensatory and punitive damages from Wessel and Baucom.

Counsel for the plaintiffs and Wessel concluded exhaustive research in preparing memoranda to support their respective positions and are to be commended for their efforts. After oral argument on the motions, the court took both the demurrer and special plea of sovereign immunity under advisement.

*Demurrer*

In Wessel's demurrers to the plaintiffs' motion for judgment, Wessel posits that he owed no duty to the decedents and that under the public policy doctrine, the plaintiffs are precluded from recovery. Wessel also asserts that his acts were not a proximate cause of the injuries because Baucom's negligence and intentional acts constituted an intervening cause. Thus, two issues must be addressed in determining the legal sufficiency of the pleadings. First, did Wessel owe a special legal duty to the plaintiffs' decedents under the public policy doctrine, and secondly, can Wessel's alleged acts, taken as true for purposes of the demurrer, be considered a proximate cause of the collision.

The public duty doctrine is based on the premise that public officials owe a duty to the public in general but not to any particular citizen. Wessel maintains that the public duty doctrine dictates that plaintiffs must

allege the existence of a "special relationship" between the plaintiff and him in order to recover. Wessel suggests that this special duty or relationship can be established by representations by a government official promising protection or by a specific statute that creates a special duty to protect a particular member of the public rather than the general public. *Food Fair v. City of Evansville*, 272 N.E.2d 87 (Ind. 1971).

While the Virginia Supreme Court has not specifically addressed the proper application of the public duty doctrine in the Commonwealth, two circuit court cases have relied on the doctrine in instances where law enforcement officers have allegedly acted negligently in carrying out their duties. In ruling on a demurrer, a Henrico County Circuit Court Judge held in *Whitaker v. Highsmith*, Case No. 81-L-425 (August 18, 1982), that a state police officer could not be held liable for the criminal acts of a third party, even though the police officer knew of the violent propensities of the third party and had returned a gun to the third party which was used in the commission of a murder. The court's ruling was based on the premise that the police officer "owed a duty to the public generally and to no one individually." In accord is the *Marshall v. City of Richmond* case decided in the Circuit Court of the City of Richmond, case No. LL-2883-3 (February 22, 1988). Also decided on a demurrer to the pleadings, this action involved the alleged negligent discharge of a prisoner from the city jail by the sheriff, after which time a murder was committed by the released inmate. The court held that no special relationship had been pled and sustained the demurrer based on the public duty doctrine.

Additionally, Wessel relies on *Klingbeil v. Vito*, 233 Va. 445, 357 S.E.2d 200 (1987). In *Klingbeil*, the Supreme Court employed an analogous doctrine to the public duty doctrine in holding that a landlord owes no "special duty," absent a special relationship with the tenant, to protect the tenant from the criminal acts of a third

party. Wessel argues he had no duty to protect the victims from Baucom's criminal acts.

While this court finds the reasoning and rationale used in these three cases denying liability (where no special duty owed the plaintiffs has been found) to be particularly persuasive, it is necessary to examine the plaintiffs' assertion that a specific legal duty is established under the Va. Code Sections 46.1-199 and 46.1-226.

These statutes provide emergency vehicle operators with certain exemptions from criminal prosecution. It is significant that 46.1-199(a) provides in pertinent part "the speed limitation set forth in this chapter shall not apply to vehicles when operated with *due regard for safety* under the direction of the police in the chase or apprehension of violators of the law. . . ." The court is of the opinion that the language of the statute coupled with the allegations in the motions for judgment and bills of particulars provide the basis for a "special relationship" between the plaintiffs and Wessel to overcome the limits proscribed by the public duty doctrine.

Having determined that the public duty doctrine does not, as a matter of law, prohibit the plaintiffs' suit against Wessel, the court now considers Wessel's argument that his acts were not the proximate cause of the accident, and that Wessel was not responsible for Baucom's negligent acts.

The identification of a basic theory of proximate cause is one of great latitude in current jurisprudence. The Virginia Supreme Court has defined proximate cause as being "that act or omission which immediately causes or fails to prevent the injury; an act or omission occurring or concurring with another, without which the injury would not have been inflicted . . ." *Huffman v. Sorenson*, 194 Va. 932, 937, 76 S.E.2d 183, 187 (1953). The issues of negligence and proximate cause are questions best left to the discretion of the jury, unless reasonable minds cannot differ.

For its argument that Wessel's actions were not the proximate cause of the collision and that Baucom's actions constituted an intervening force, he relies heavily on *Norfolk and Western Railroad v. Wright*, 217 Va. 515 (1976). This case was decided on the assumption that the railroad was negligent, but even so, the negligence of the driver

who entered a railroad track when the crossing was down was the proximate cause of the accident. "The law accords probative effect to an inference drawn from proven facts, but only when the probability is reliably authenticated by the lessons mankind have learned from experience with those facts." *Id.* at 520. Wessel argues that Baucom's criminal and negligent acts of exceeding the speed limit and running the red light constitute an intervening cause.

There is case law from several jurisdictions supporting the proposition that a police officer is not liable when his vehicle is not in physical contact with the plaintiff's automobile. On the other hand, many jurisdictions have held that a police officer is liable when a fleeing suspect causes injury to an innocent victim. There appears to be no clear majority. For example, *Dent v. City of Dallas*, 729 S.W.2d 714 (Tex. 1986) no liability; *Tetro v. Stratford*, 458 A.2d 5 (Conn. 1983) found liability.

> The court held in favor of the police officer, reasoning ". . . the sole proximate cause of the accident is the suspect's negligent conduct and not the officer's conduct in electing to pursue the law breaker."

Conversely, in *Tetro*, the court ruled it was not an error to allow the question of proximate cause to go to the jury despite the intervening negligence or recklessness of the fleeing suspect.

The issue of proximate cause is most often analyzed in terms of foreseeability; "the scope of liability should ordinarily extend to but not beyond the scope of the foreseeable risk -- that is, the risks by reason of which the actor's conduct is held to be negligent." *Prosser and Keeton on Torts*, 5th edition, page 273. The possibility that Baucom would continue his course of action and cause injuries is one of foreseeability. It is one that must be decided after hearing evidence and cannot be decided on the pleadings alone. After evidence is presented, it may be proven that Baucom's acts were an intervening force, but for purposes of the demurrer, it is impossible to make factual determination as to causation. Therefore, Wessel's demurrers to the motions for judgment are over-ruled.

## Sovereign Immunity

Having decided that the plaintiff's pleadings are sufficient to withstand the test of a demurrer, it is now appropriate to consider the merit of the special plea of sovereign immunity filed by Wessel, an employee of Chesterfield County. Chesterfield County is not a named defendant, and it is not questioned that it is immune from tort liability under the sovereign immunity doctrine. Wessel argues that he too can be shielded from liability for simple negligence under the doctrine due to his status as an employee of the Chesterfield County Police Department.

Wessel bases his plea on *Messina v. Burden*, 228 Va. 301 (1984), a case awarding sovereign immunity to employees of an immune governmental body for simple negligence. *Messina* relies on a test enunciated in *James v. Jane*, 221 Va. 43 (1980), for determining when an employee is immune. To satisfy the test, the employee's activities must involve the exercise of judgment and discretion; the County must have administrative control over the employee and have a clear interest in the employee's work. It is not necessary to take evidence to determine whether Wessel's position as a police officer satisfies the test. It is clear that a police officer's duties require use of judgment and discretion. The acts alleged to have been performed by Wessel were discretionary in nature and not ministerial as the plaintiffs argue in their memorandum in opposition (p. 17).

In opposition to the special plea, plaintiffs argue that the emergency vehicle statutes Va. Code 46.1-199 and 46.1-226 exempting police vehicle operators from criminal prosecution somehow allow a carte blanche from civil liability. The statute provides that "nothing in this section shall be construed to release the operator of any such vehicle from civil liability for failure to use reasonable care in such operation." The plaintiffs argue that since the statute exempts criminal prosecution and specifically allows civil liability, then sovereign immunity cannot apply. This is not the correct interpretation of the statute. Clearly, police officers may be civilly liable, subject to the applicability of sovereign immunity.

Further, plaintiffs argue that their pleadings do not allege simple negligence. They maintain that by pleading "Wessel was acting negligently, without the degree of care required of a reasonable person in discharging his official duties under the instant circumstance" that the allegations somehow constitute something other than simple negligence. While the Virginia Supreme Court in *Smith v. Lamar*, 212 Va. 820 (1972), mandated a different standard of care for a police officer in hot pursuit of a violator, a breach of this standard nevertheless constitutes simple negligence.

Wessel is entitled to assert the plea of sovereign immunity to the count of simple negligence alleged by the plaintiff in Count I of each of the motions for judgment. Therefore, Count I in both pleadings is dismissed with prejudice.