## CIRCUIT COURT OF THE CITY OF NORFOLK

Elizabeth Burgess

v.

Larry R. Hand et al.

July 12, 1989

Case No. (Law) L-88-2541

By JUDGE ALFRED W. WHITEHURST

I have studied the law and arguments presented, and counsel are to be commended for the memoranda and presentation.

The research leads me to the conclusion that a policeman may plead sovereign immunity for acts of simple negligence committed in the performance of his official duty. *Robbins v. Wessel*, 12 Va. Cir. 231 (1988).

I find that a distinction cannot be made from the high school gym teacher (playing tackle football without wearing protective equipment). *Lentz v. Morris*, 236 Va. 78 (1988). It is true that Virginia Code Section 46.1-226 applies to criminal prosecution, but civil liability is not affected by the section.

The present case does involve judgment and discretion in the driving of the police vehicle. The waiver of governmental immunity must be an explicit waiver. *Hinchey v. Ogden*, 226 Va. 234 (1983).

Therefore, the Court rules that the doctrine of sovereign immunity does protect the policeman from acts of simple negligence committed in the performance of his official duty.