400 S.E.2d 184 (1991)
Patricia E. COLBY
v.
William H. BOYDEN.
Record No. 900552.
Supreme Court of Virginia.
January 11, 1991.
*185 Grover C. Outland, Jr. (Steven F. Shames, Outland, Gray, O'Keefe & Hubbard, Shames & Byrum, Chesapeake, on brief), for appellant.
Peter C. Manson, Jr. (Martha D. Franklin, Pender & Coward, Virginia Beach, on brief), for appellee.
Present: All the Justices.
LACY, Justice.
In this case we determine the degree of negligence required to impose civil liability for injuries resulting from the actions of a police officer who violates traffic laws while pursuing a fleeing lawbreaker.
On January 6, 1987, Patricia E. Colby was driving her vehicle east on Pembroke Avenue in the City of Virginia Beach. As she approached the intersection of Independence Boulevard, the light controlling her lane turned green. She slowed, looked to the left and right, and, seeing or hearing nothing, proceeded into the intersection. In the middle of the intersection, her car was struck on the left side by a Virginia Beach Police Department vehicle operated by Officer William H. Boyden. As a result of the collision, Colby received serious and permanent injuries.
Shortly before the accident, Officer Boyden had observed a vehicle traveling south on Independence Boulevard run a red light at the intersection of Independence and Witchduck Road. He began to pursue the offender and activated his emergency blue lights. He saw the vehicle move from lane to lane at a high rate of speed and subsequently run the red light at the intersection *186 of Independence and Pembroke. Continuing his pursuit, Officer Boyden activated his siren for a short burst as he neared the intersection of Pembroke and Independence. Although the traffic light was red, he proceeded to cross the intersection. As he entered the intersection he observed Colby's car also entering the intersection. Officer Boyden applied his brakes and swerved in an unsuccessful attempt to avoid the collision.
Colby filed a motion for judgment against Boyden and the City of Virginia Beach seeking damages for the injuries sustained in the accident. After non-suiting the City, Colby, in an amended motion, alleged one count of negligence and one count of gross negligence against Boyden. Boyden filed a special plea asserting the defense of sovereign immunity to the simple negligence count. Upon stipulated facts, the trial court sustained Boyden's plea and granted his motion for summary judgment, holding that, as a matter of law, Colby had failed to make out a prima facie case of gross negligence.
On appeal Colby raises three issues: (1) whether Officer Boyden was entitled to assert the defense of sovereign immunity; (2) whether Colby was required to prove gross negligence in order to recover; and (3) whether, as a matter of law, Colby failed to establish a prima facie case of gross negligence. We will consider the issues in order.

Sovereign Immunity
Colby asserts that Boyden's actions involved in the pursuit of a speeding automobile were not entitled to the protection of sovereign immunity because they were ministerial acts and not acts which involved judgment and discretion. In support of this position Colby relies primarily on Biscoe v. Arlington County, 738 F.2d 1352 (D.C.Cir.1984), cert. denied, 469 U.S. 1159, 105 S.Ct. 909, 83 L.Ed.2d 923 (1985), where the actions of an Arlington County police officer pursuing a fleeing suspect at high rates of speed into the District of Columbia were held to constitute ministerial acts.
The court in that case, however, was applying and construing the law of the District of Columbia, not the law of Virginia. The District's law, as explained by that court, provides complete immunity to agents of the government for tortious acts occurring in the performance of discretionary functions, but, if the act is one involving the "`execution of policy as distinct from its formulation,'" it is ministerial, and the defense of immunity is unavailable. Id. at 1362 (citation omitted). Describing the officers' actions as the execution of the decision to pursue the fleeing automobile, the court concluded that the officers' actions were ministerial and, therefore, not entitled to sovereign immunity. Id. at 1363.
The court's holding in Biscoe is not persuasive when considering the doctrine of sovereign immunity as applied in Virginia. The doctrine's availability and the protection it affords individuals to whom it applies differs substantially in the two jurisdictions. In Virginia, a government agent entitled to the protection of sovereign immunity is not immunized from suit. Rather, the degree of negligence which must be shown to impose liability is elevated from simple to gross negligence. See James v. Jane, 221 Va. 43, 53, 282 S.E.2d 864, 869 (1980); Sayers v. Bullar, 180 Va. 222, 229, 22 S.E.2d 9, 12 (1942).
In Virginia, as in the District, the question of whether a particular act is entitled to the protection of sovereign immunity depends upon whether the act under consideration is classified as discretionary or ministerial in nature. Our resolution of that question, however, goes beyond determining whether the act constitutes the formulation or execution of policy.
The Virginia rule, which was applied by the trial court, is not that of Biscoe, but rather it is the four-factor test enunciated in James, supra, and reiterated in Messina v. Burden, 228 Va. 301, 321 S.E.2d 657 (1984), Lentz v. Morris, 236 Va. 78, 372 S.E.2d 608 (1988), and Gargiulo v. Ohar, 239 Va. 209, 387 S.E.2d 787 (1990). The four factors are: (1) the nature of the function the employee performs; (2) the extent of the government's interest and involvement in the function; (3) the degree *187 of control and direction exercised over the employee by the government; and (4) whether the act in question involved the exercise of discretion and judgment. Messina, 228 Va. at 313, 321 S.E.2d at 663.
This is the first instance in which we have had occasion to apply this analysis to the actions of a police officer engaged in vehicular pursuit.[1] Enforcement of traffic laws is not only a primary governmental function of a municipality, but one in which the municipality is inextricably involved through financial, personnel, and policy initiatives. A municipality enjoys sovereign immunity for acts undertaken in furtherance of this function. Boyden was involved in the performance of this function for the City of Virginia Beach at the time of the accident, thereby satisfying the first two elements of the test.
The City exercised administrative control and supervision over Officer Boyden's activities through the promulgation of guidelines governing actions taken in response to emergency situations. However, those guidelines do not, and cannot, eliminate the requirement that a police officer, engaged in the delicate, dangerous, and potentially deadly job of vehicular pursuit, must make prompt, original, and crucial decisions in a highly stressful situation. Unlike the driver in routine traffic, the officer must make difficult judgments about the best means of effectuating the governmental purpose by embracing special risks in an emergency situation. Such situations involve necessarily discretionary, split-second decisions balancing grave personal risks, public safety concerns, and the need to achieve the governmental objective. The exercise of discretion is involved even in the initial decision to undertake the pursuit, as the Biscoe court recognized. See Biscoe, 738 F.2d at 1363.
While each case must be evaluated on its own facts, to hold that Officer Boyden's acts here were merely ministerial, thereby denying him the protection of the sovereign immunity defense for the actions complained of in this case, not only ignores the realities of the circumstances under which he performed his job, but also would inhibit law enforcement officers faced with similar decisions regarding vehicular pursuit in the future. Applying the four-part test of James, we concur with the trial court that the defense of sovereign immunity was applicable to Officer Boyden's actions in this case.

Breach of DutyDegree of Negligence
Under Virginia law, where, as here, a defendant's actions are clothed with sovereign immunity, a plaintiff must establish gross negligence in order to prevail. James, 221 Va. at 53, 282 S.E.2d at 869; Sayers, 180 Va. at 229, 22 S.E.2d at 12. However, relying primarily on the language of Code § 46.1-226,[2] its predecessors, and the cases decided thereunder, Colby asserts that the standard applicable to Officer Boyden in this case is "that degree of reasonable care of a prudent man in discharge of official duties of a like nature under the circumstances." Colby argues that only a showing of simple negligence is required to impose civil liability under the statute, and that the trial court erred in requiring proof of gross negligence. We disagree.
Section 46.1-226 provides that persons driving vehicles in certain emergencies, under certain conditions, are not subject to criminal prosecution for traffic violations such as speeding or running red lights. Subsection (b) of that section provides that this exemption applies only if conditions regarding signaling mechanisms and liability insurance are met.[3]
*188 Colby argues that the final sentence of subsection (b) imposes civil liability for acts of simple negligence. That sentence states that:
Nothing in this section shall be construed to release the operator of any such vehicle from civil liability for failure to use reasonable care in such operation.
In support of her position, Colby cites four Virginia cases, Pullen & McCoy v. Nickens, 226 Va. 342, 310 S.E.2d 452 (1983); Smith v. Lamar, 212 Va. 820, 188 S.E.2d 72 (1972); White v. Doe, 207 Va. 276, 148 S.E.2d 797 (1966); and Virginia Transit Co. v. Tidd, 194 Va. 418, 73 S.E.2d 405 (1952). However, none of these cases held that proof of simple negligence was sufficient to impose civil liability for acts covered under § 46.1-226 and its predecessors.
Virginia Transit and White each involved a determination of whether a predecessor to § 46.1-226 was applicable to the actions of a police officer. As the statute was held inapplicable, considerations of civil liability under the statute were never in issue.
In Pullen & McCoy, we rejected the argument that the omission of the above quoted sentence from § 46.1-248, which exempts certain highway employees from traffic laws, immunized those employees from all civil liability. 226 Va. at 348, 310 S.E.2d at 455. We did not consider the nature of the duty or the degree of negligence required to impose civil liability under § 46.1-226 as it was of no relevance to the employees' liability under § 46.1-248.
In Smith, where the exemption statute was applicable, we construed an officer's duty under the statute as that, not of an "ordinary person" or "ordinary motorist," but that of an officer performing his duty under like circumstances. That duty was identified as the proper standard for determining whether negligence existed. 212 Va. at 824, 188 S.E.2d at 74-75. We did not categorize such negligence as ordinary or gross, and the case did not involve the imposition of civil liability, but rather, as in White, an officer's ability to recover damages for injuries he sustained during a vehicular pursuit.
Defining the defendant's duty of care is the first step in determining liability. A second step involves determining whether the conduct alleged, here on stipulated facts, amounts to the degree of deviation from that dutysimple or gross negligence, willful and wanton conduct, or intentional misconductrequisite to establish civil liability in the circumstances of the case.
Code § 46.1-226 neither establishes nor speaks to the degree of negligence necessary to impose civil liability on one to whom the section applies. The degree of negligence required to impose civil liability will depend on the circumstances of each case. For example, § 46.1-226 is not limited to governmental officers or employees. Therefore, if the operator of a vehicle in an emergency situation is not a governmental employee, he may be protected under § 46.1-226 from criminal prosecution, but he may be civilly liable upon a showing of simple negligence because the defense of sovereign immunity is unavailable to him.
Adopting Colby's position would create the anomalous result of requiring a showing of simple negligence in order to impose civil liability on a policeman who complies with Code § 46.1-226 during a vehicular pursuit, while requiring gross negligence as a prerequisite for imposing liability upon an officer who fails to comply with the statute. If, for example, an officer in hot pursuit failed to have the requisite insurance in force, the statute would be inapplicable and he would be civilly liable only on a showing of gross negligence. Yet, if his colleague had the requisite insurance, simple negligence would be sufficient to impose liability upon him. Such a result is illogical and is not required by the statute or by the cases decided thereunder.
While one responding to an emergency situation is not excused from civil tort liability, Code § 46.1-226 affords the protection of a standard tailored to the situation. One will not be held negligent per se for the specific acts authorized under the statute. Smith, 212 Va. at 823, 188 S.E.2d at 74; Yates v. Potts, 210 Va. 636, 640, 172 S.E.2d 784, 787 (1970). In enacting the *189 statute, the legislature balanced the need for prompt, effective action by law enforcement officers and other emergency vehicle operators with the safety of the motoring public. A similar concern for balance underlies the Virginia sovereign immunity doctrine. Both concerns are satisfied here without conflict.
Furthermore, legislative abrogation of the common law doctrine of sovereign immunity must be explicit and will not be found by implication. See Hyman v. Glover, 232 Va. 140, 143, 348 S.E.2d 269, 271 (1986). Nothing in § 46.1-226, its predecessors, or its successor, meets that standard.

Gross Negligence
The trial court held that, based on the stipulated facts, Officer Boyden "did exercise some degree of diligence and due care" and, therefore, as a matter of law, his acts could not show "utter disregard of prudence amounting to complete neglect of the safety of another." Officer Boyden activated his lights and, for at least part of the time, his siren. His speed was no more than five miles over the speed limit, and he swerved and braked in an attempt to avoid the collision.
On this record, we cannot say that the trial court erred in finding that Officer Boyden exercised "some degree" of care for the safety of others. As gross negligence is the "absence of slight diligence, or the want of even scant care," Frazier v. City of Norfolk, 234 Va. 388, 393, 362 S.E.2d 688, 691 (1987), the trial court properly held that Colby failed to establish a prima facie case of gross negligence.
Accordingly, the judgment of the trial court will be
Affirmed.
COMPTON, J., files dissenting opinion in which STEPHENSON and HASSELL, JJ., join.
COMPTON, Justice with whom STEPHENSON and HASSELL, Justices, join, dissenting.
I disagree that this city police officer was relieved of the duty to exercise reasonable care in the operation of the police vehicle.
At the time of this accident, Code § 46.1-16.01 (now § 46.2-113) provided, "It shall be unlawful for any person to violate any of the provisions of this title." (Emphasis added.) The reference was to Title 46.1 dealing with motor vehicles, which included, in Chapter 4, Code §§ 46.1-168 through -347 (now §§ 46.2-800 through -946) on regulation of traffic.
Code § 46.1-168 (now § 46.2-801) stated, "The provisions of this chapter applicable to the drivers of vehicles upon the highways shall apply to the drivers of all vehicles regardless of ownership subject to such specific exceptions as are set forth in this chapter." (Emphasis added.) Therefore, the General Assembly has directed that drivers of police vehicles are subject to all traffic regulations unless a specific exception is made.
Code § 46.1-226(a)(1) (now in substance § 46.2-920(A)) included such a specific exception by providing that the operator of a city police vehicle in the chase of a violator of the law may "pass a signal, light or device with due regard to the safety of persons and property." But, significantly, subsection (b) of the statute provided that, "Nothing in this section shall be construed to release the operator of any such vehicle from civil liability for failure to use reasonable care in such operation." (Emphasis added.)
Consequently, under the General Assembly's mandate, the officer in this case, operating a city police vehicle, was permitted to proceed through this intersection but he was not relieved from civil liability for failure to exercise reasonable care in such operation.
Refusing to follow the legislative imperatives, the majority has decided that the officer is liable only for gross negligence because of the doctrine of sovereign immunity. I believe that the General Assembly has already spoken on this subject and that the majority opinion amounts to pure judicial legislation.
*190 Accordingly, I would reverse the judgment of the trial court and remand the case for trial.
NOTES
[1] The issue of the applicability of sovereign immunity was not before us in Meagher v. Johnson, 239 Va. 380, 389 S.E.2d 310 (1990).
[2] Code § 46.1-226, effective at the time of the accident, was amended and recodified as part of § 46.2-920. Acts 1989 c. 727. The provisions are substantially identical.
[3] While the trial court did not expressly rule that Officer Boyden's actions brought him within the coverage of § 46.1-226, we will assume, without deciding, that his actions complied with the requirements for coverage under the section in order to address this part of Colby's argument.