979 F.2d 848
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Ray LANDES; Darlene Landes; Ronald J. Foster; Corey
Foster, Plaintiffs-Appellants,
v.
K.W. REED; W.M. Fulton, Defendants-Appellees.
 No. 92-1053.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 3, 1992.
Decided Nov. 9, 1992.
 
 Appeal from the United States District Court for the Western District of Virginia, at Harrisonburg, No. CA-91-30-H; James H. Michael, Jr., District Judge.
 Walter Franklin Green, IV, Green & O'Donnell, Harrisonburg, Va., for appellants.
 C.J. Steuart Thomas, III, Timberlake, Smith, Thomas & Moses, P.C., Staunton, Va., for appellees.
 W.D.Va.
 AFFIRMED.
 Before WILKINS and HAMILTON, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Ray Landes, Darlene Landes, Ronald J. Foster, and Corey Foster appeal the district court's grant of summary judgment in favor of the Defendants below. The Appellants brought suit, alleging violations of their civil rights under 42 U.S.C. § 1983 (1988) and negligence under Virginia law. The Appellees moved for summary judgment, alleging that the doctrines of qualified immunity and sovereign immunity protected their actions. We affirm.
 
 
 2
 Summary judgment is properly granted where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-429 (1986). The court must credit the factual contentions and all favorable inferences therefrom in favor of the non-moving party. Cole v. Cole, 633 F.2d 1083, 1089-92 (4th Cir.1980). Summary judgments are reviewed de novo on appeal. Higgins v. E.I. DuPont de Nemours & Co., 863 F.2d 1162, 1167 (4th Cir.1988).
 
 
 3
 Appellees are officers of the Augusta County Sheriff's Department in Virginia. On July 18, 1990, at approximately 11:30 p.m., they accompanied a third party, Monique Foster, to the vicinity of the home of her in-laws, the Landeses, where Ms. Foster was going to retrieve her infant son. At that time, Ms. Foster was married to Appellant Ronald Foster, and no order existed that restricted her right to custody of her child. Ms. Foster retrieved her child and went on her way. The Landeses requested that the officers arrest Ms. Foster, but, upon investigating the Landeses' claims, the officers were convinced that a mere misdemeanor was alleged, for which an arrest warrant would be required. The officers accompanied Ms. Foster and based their refusal to arrest her on the advice of a Commonwealth's Attorney. Appellee Reed had contacted the attorney for advice about the legality of the action. The attorney responded that no felony would occur if no breach of the peace occurred, and that failure to be in the area in the event of preventable violence might subject the Sheriff's Department to more trouble than not being there.
 
 I.
 
 4
 Public officials are free from liability for monetary damages in a § 1983 action if they can prove that their conduct did not violate clearly established statutory or constitutional rights of which reasonable persons would have known. Harlow v. Fitzgerald, 457 U.S. 800, 815-16 (1982). A defendant is entitled to qualified immunity if his actions were objectively reasonable in light of the information available to him. Gooden v. Howard County, 954 F.2d 960, 965 (4th Cir.1992) (in banc).
 
 
 5
 One factor in this determination is the officer's reasonable reliance on the advice of an attorney. Tanner v. Hardy, 764 F.2d 1024, 1027 (4th Cir.1985). Here, Reed inquired with an Assistant Commonwealth's Attorney, who presented cogent reasons why it would not only not be inappropriate to accompany Ms. Foster, but also why failing to accompany her might be problematic. Reed's reliance thereon, and Appellee Fulton's reliance on Reed's representations thereof, were reasonable.
 
 
 6
 Further, the Appellants failed to establish the existence of a genuine issue on the violation of any constitutional right by the Appellees. The Appellants were not subjected to any state-involved search or seizure, and no deprivation cognizable under the Due Process Clause occurred. Reed and Fulton were protected by qualified immunity as to the § 1983 claim. The district court did not err in granting summary judgment in favor of the officers.
 
 II.
 
 7
 To overcome the bar of sovereign immunity on the state law claim, the Appellants were required to show that the officers had acted with gross negligence in the handling of the incident. Colby v. Boyden, 400 S.E.2d 184, 187 (Va.1991). Gross negligence is defined in Virginia as the "absence of slight diligence, or the want of even scant care.' " Id. at 189 (quoting Frazier v. City of Norfolk, 362 S.E.2d 688, 691 (Va.1987)). In the absence of such a showing, the officers are protected by sovereign immunity. Id. at 187.
 
 
 8
 The evidence before the district court established, inter alia, that the officers contacted an Assistant Commonwealth's Attorney and acted upon his recommendation, and that the officers timely investigated the Appellants' claims that might have merited the immediate arrest of Ms. Foster. This is not the absence of slight diligence or the want of scant care required to find gross negligence in Virginia. Thus, the officers were protected by sovereign immunity, and the district court did not err in granting summary judgment in their favor.
 
 
 9
 Because the Appellees were protected by qualified and sovereign immunity, we affirm the district court's grant of summary judgment in their favor. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 10
 AFFIRMED.