# CIRCUIT COURT OF THE CITY OF RICHMOND

Vernice E. Rollins

v.

Consolidated
Bank and Trust Co.
and John M. Harris

Case No. LF 2003-3

By Judge T. J. Markow

October 24, 2000

This case is before the court on a Motion to Dismiss Pursuant to Special Pleas of Sovereign Immunity, Probable Cause, Advice of Counsel, Privilege, and Statute of Limitations.

Plaintiff filed a four-count Motion for Judgment against the defendants on August 24, 1999. Count I alleges Malicious Prosecution. Count II is an allegation of Defamation. Count III asserts a cause of action for Intentional Infliction of Emotional Distress and Count IV asserts a cause of action for Negligent Infliction of Emotional Distress. During the hearing held on October 6, 2000, Plaintiff's counsel agreed to the dismissal of Count II.

The court finds that Count I for Malicious Prosecution should be dismissed as to both defendants. Probable cause is a defense in Virginia to a claim of malicious prosecution. *See Chipouras v. A J & L Corp.*, 223 Va. 511, 290 S.E.2d 859 (1982). Probable cause has been defined as "knowledge of such a state of facts and circumstances as excite the belief in a reasonable mind, acting on such facts and circumstances, that the plaintiff is guilty of the

crime of which he is suspected." *Lee v. Southland Corp.*, 219 Va. 23, 26, 244 S.E.2d 756, 758-59 (1978), quoting *Va. R. & P. Co. v. Klaff*, 123 Va. 260, 266, 96 S.E. 244, 246 (1918).

The facts and circumstances in this case certainly would have suggested to a reasonable person that the plaintiff was guilty of grand larceny. Some of the relevant facts that would excite such a belief are the following: (1) a teller reported that a sum of money was missing from her teller drawer; (2) the plaintiff had access to the bank's safe where the teller drawers were kept at night; (3) the plaintiff was one of the last employees to leave the bank the evening before the money was reported missing; and (4) the plaintiff failed the polygraph test that was administered during Harris' investigation. Plaintiff emphasizes that the results of the polygraph test would not be admissible at trial; however, evidence does not need to be admissible in order for it to be used to establish probable cause. The fact that these circumstances warranted a finding of probable cause is bolstered by both the Honorable R. B. Robertson's and the grand jury's findings of probable cause to proceed against plaintiff. Due to the existence of probable cause, Count I is dismissed as to Harris. Because this Count is dismissed on the basis of the existence of probable cause, the court need not address Harris' "advice of counsel" argument.

The court finds the malicious prosecution claim should be dismissed against Consolidated Bank, as well. One element necessary to prove a prima facie case of malicious prosecution is that the prosecution "was instituted or procured by the cooperation of the defendant." *Chipouras*, 223 Va. at 515, 290 S.E.2d at 861. Merely reporting a crime to the police does not satisfy this element. *See King v. Martin*, 150 Va. 122, 142 S.E. 358 (1928).

Consolidated Bank's role in the prosecution of the plaintiff was limited to reporting the missing money to the City of Richmond Police Department. This action by the bank is not enough to show that Consolidated instituted or procured the prosecution of plaintiff. As such, Count I is dismissed as to Consolidated Bank.

The court finds that Count IV, Negligent Infliction of Emotional Distress, also should be dismissed as to Harris. Harris was employed on a part-time basis as a security guard by Consolidated Bank. He was employed, as well, as a detective by the City of Richmond Police Department. During the investigation and prosecution of the plaintiff, Harris was acting not in his capacity as an employee of Consolidated Bank; rather, he was acting in his capacity as a detective. As an employee of the Police Department of the City of Richmond, Defendant Harris is entitled to the protection of sovereign immunity from claims of simple negligence. *See Messina v. Burden*, 228 Va.

301, 321 S.E.2d 657 (1984); *Colby v. Boyden*, 241 Va. 125, 400 S.E.2d 184 (1991). Because Defendant Harris is protected by sovereign immunity, Count IV is dismissed as to him.

Defendants' Memorandum in Support of Motion to Dismiss argues that Count IV should be dismissed with respect to Consolidated Bank for two reasons. Defendants assert that Count IV should be dismissed against the bank because Harris acted at all times on the express direction of the police department and because Harris' actions were executed in the performance of a public duty therefore precluding liability under the doctrine of respondeat superior. Count IV, however, asserts a cause of action against Consolidated Bank in its own capacity too. Because defendants made no argument regarding the assertion of Count IV against Consolidated Bank based on its own actions, the court will not dismiss Count IV against Consolidated.

It is hereby ordered that the Motion to Dismiss is sustained with respect to both defendants as to Count I and is sustained with respect to Harris as to Count IV. The Motion to Dismiss is overruled with respect to Consolidated Bank as to Count IV.

Count II is dismissed by agreement.

## November 6, 2000

This case is before the court on the defendants' Motion for Reconsideration and Motion for Summary Judgment and on plaintiff's Motion for Reconsideration.

After the court's Opinion and Order of October 24, 2000, two counts remain: Count III, Intentional Infliction of Emotional Distress, in which plaintiff asserts a cause of action against both defendants, and Count IV, Negligent Infliction of Emotional Distress, which remains only as to Consolidated Bank.

Plaintiff's Motion for Reconsideration asks the court to reconsider its determination in its October 24th Opinion and Order that Defendant Harris was acting in his capacity as a detective with the Richmond Police Department and not in his capacity as an employee of Consolidated Bank. The evidence produced in response to Defendants' Motion to Dismiss shows that Defendant Harris was assigned by the Richmond Police Department to investigate Consolidated Bank's report of missing money. It is clear that Defendant Harris was acting as a detective and not as a bank employee during the investigation and prosecution of the plaintiff. The court, therefore, declines to reconsider its prior determination. Plaintiff's Motion for Reconsideration is overruled.

The defendants also filed a Motion for Reconsideration. They ask the court to reconsider its denial of defendants' Motion to Dismiss plaintiff's claims of negligent infliction of emotional distress and intentional infliction of emotional distress against Consolidated Bank. The defendants did not argue for the dismissal of the intentional infliction of emotional distress count at the hearing on their Motion to Dismiss. In their Memorandum in Support of Defendants' Motion to Dismiss, the defendants did not specifically address this count.

The general arguments made in defendants' memorandum regarding Consolidated Bank's dismissal were based on the doctrine of respondeat superior and, as the court noted in its Opinion and Order of October 24th, the plaintiff asserted causes of action against Consolidated Bank in its own capacity and not solely under the notion of respondeat superior. For the foregoing reasons, the court will not reconsider its prior order and opinion with respect to the intentional infliction of emotional distress claim.

The defendants also ask the court to reconsider its denial of the dismissal of the negligent infliction of emotional distress claim against Consolidated Bank. Defendants argue that any alleged negligence by Consolidated in conducting an internal investigation cannot support a claim for negligent infliction of emotional distress. Defendants also argue that the arrest and prosecution of the plaintiff by Harris and the Commonwealth supersede any negligent actions that Consolidated Bank might have taken. The court declines to reconsider its prior rulings on these grounds. Defendants' Motion for Reconsideration is overruled.

In their Motion for Summary Judgment, the defendants argue that the pleadings and the evidence before the court are insufficient to state a cause of action for intentional infliction of emotional distress. The four prongs of an intentional infliction of emotional distress claim are the following: (1) the defendant's conduct was intentional or reckless; (2) the defendant's conduct was outrageous and intolerable; (3) a causal connection exists between the defendant's conduct and the alleged emotional distress; and (4) the plaintiff's emotional distress was severe. *See Womack v. Eldridge*, 215 Va. 338, 342, 210 S.E.2d 145, 148 (1974). Defendants specifically argue that the plaintiff has not established that the defendants' conduct rose to the appropriate level of outrageousness and that the plaintiff has not pleaded distress that rises to the requisite level of severity.

The court agrees with the defendants' arguments. The defendants' conduct that forms the basis of plaintiff's claim is that the defendants conducted an inadequate internal investigation and that they instigated and procured the plaintiff's arrest and prosecution without probable cause. Such

behavior does not rise to the level of outrageousness necessary to maintain this claim.

First, this behavior is properly classified only as tortious. The Supreme Court, in analyzing the outrageousness prong, stated that "[I]t is insufficient for a defendant to have 'acted with an intent which is tortious or even criminal'." *Russo v. White*, 241 Va. 23, 27, 400 S.E.2d 160, 162 (1991). Secondly, the court found in its opinion and order of October 24, 2000, that there was, in fact, probable cause for the plaintiff's arrest and prosecution. As such, plaintiff's claim rests only on the fact that the defendants did not use an adequate investigation procedure. While it is possible that such conduct is negligent or even grossly negligent, it simply is not outrageous, as that term has been explained by the Supreme Court.

Likewise, the plaintiff's pleadings do not satisfy the fourth element of the cause of action, which requires that a plaintiff's emotional distress be severe. The *Russo* Court also addressed this prong, stating that the distress must be "so severe that no reasonable person could be expected to endure it." *Russo*, 241 Va. at 27, 400 S.E.2d at 163. The plaintiff has alleged that her reputation has been injured, that the practice of her profession has been hindered, that she has lost income, that she has spent large sums of money in defense of the grand larceny charge, that she has suffered anxiety and mental anguish, that she has faced public scorn and humiliation, and that she has suffered nosebleeds and an onset of elevated blood pressure. While these indications of distress may indeed be highly unpleasant, they do not rise to the level required under the precedents of the Virginia Supreme Court to support this cause of action.

Because the plaintiff has not met two of the required elements necessary to state a cause of action for intentional infliction of emotional distress, defendants' Motion for Summary Judgment is sustained as to Count III.

With respect to Count IV for Negligent Infliction of Emotional Distress, the defendants assert that the plaintiff has not pleaded an injury sufficient to support the claim. The court agrees with this argument as well. To bring a negligent infliction of emotional distress claim, a plaintiff must prove either a physical impact or physical injury.[1] *See Hughes v. Moore*, 214 Va. 27, 197

---

[1] The plaintiff argues that it is not always necessary to prove physical injury when asserting a cause of action for negligent infliction of emotional distress. She points to *Naccash v. Burger*, 223 Va. 406, 290 S.E.2d 825 (1982), a case in which the Court did not require the plaintiff to prove a physical injury, in support of her argument. *Naccash*, however, was limited to its specific facts by the Court in *Myseros v. Sissler*, 239 Va. 8, 10, n. 2, 387 S.E.2d 463, 464, n. 2 (1990).

S.E.2d 214 (1973). Plaintiff alleges that she suffered an onset of elevated blood pressure and that she suffered a stress related nosebleed.

Plaintiff's conditions do not meet the physical injury requirement. Such ailments are more properly classified as symptoms of emotional distress. The Virginia Supreme Court has held that such symptoms are not sufficient when relied upon to state a cause of action for negligent infliction of emotional distress. *See Myseros*, 239 Va. at 12, 387 S.E.2d at 466. Defendants' Motion for Summary Judgment is, therefore, sustained with respect to Count IV.

For the foregoing reasons, defendants' Motion for Summary Judgment is sustained. Defendants' Motion for Reconsideration and Plaintiff's Motion for Reconsideration are both overruled. It is hereby ordered that judgment is entered for the defendants Consolidated Bank and Trust Company and John Harris against the plaintiff Vernice Rollins and this matter is dismissed with prejudice.