# CIRCUIT COURT OF THE CITY OF ROANOKE

Leroy L. Johnson

v.

Adam S. Puckett
and City of Roanoke

April 22, 2010

Case No. CL08-347

BY JUDGE CHARLES N. DORSEY

This matter is before the Court on the defendants' special pleas in bar. For the reasons that follow, the Court, after having considered the pleadings, the relevant case law, and the arguments of counsel, grants the defendants' pleas in bar. However, both defendants will remain parties to this action in name only for the purpose of allowing the plaintiff to proceed against any uninsured motorist carrier.

*Facts*

On September 1, 2006, Defendant Puckett was a police officer employed by Defendant City of Roanoke (City). (Puckett is now a detective.) On this same date, at 11:00 a.m., Puckett received a dispatch call from the City's Emergency 911 Center that a suspect who was possibly armed with a knife and high on crack cocaine was trespassing. When Puckett arrived at the scene, the suspect had disappeared. Puckett circled the neighborhood looking for the suspect, but was unable to locate him.

Approximately forty-five minutes later, Puckett received a second call from dispatch stating that the suspect had returned to the same

address. Puckett testified that he believed that there was a concern for public safety and responded to this 911 call in an expedited, rapid manner. Puckett was roughly three minutes away from the scene and did not activate his emergency lights and sirens. Puckett testified that he chose not to activate his lights and sirens because he had no traffic in front of him and he had experienced green lights en route to the scene. Puckett and another car, in which Plaintiff was a passenger, collided as Puckett entered an intersection en route to where the suspect was located.

Plaintiff filed suit against the City and Puckett for injuries he sustained as a result of this collision. In response, both defendants have filed special pleas in bar of sovereign immunity. The parties agree that the City is immune from liability and that Puckett should remain as a named defendant for purposes of uninsured motorist insurance. Therefore, the remaining issues are:

(1) Is Puckett immune from liability?

(2) Should the City remain a named party in this suit?

*Analysis*

A. *Puckett's Immunity*

Puckett argues that he is entitled to the protections of sovereign immunity. Plaintiff alleges that Puckett's driving of a police car did not require the exercise of judgment and discretion sufficient to invoke the protection of sovereign immunity.

In Virginia, courts must consider four factors in determining if an employee of a municipal corporation is immune from liability for an act committed within the scope of his employment:

> (1) the nature of the function the employee performs; (2) the extent of the government's interest and involvement in the function; (3) the degree of control and direction exercised over the employee by the government; and (4) whether the act in question involved the exercise of discretion and judgment.

*Colby v. Boyden*, 241 Va. 125, 129, 400 S.E.2d 184, 186-87 (1991).

In this case, the parties agree that Puckett's actions at the time of the accident satisfy the first three factors. Thus, the Court need only consider the fourth factor, whether or not Puckett exercised discretion and

judgment when he responded to the 911 call, to determine if Puckett is immune from liability.

Testimony at the hearing on the defendants' pleas in bar established that, at the time of the accident, Puckett was en route to a neighborhood in response to a 911 dispatch call. He had been called to that same address earlier in the day; therefore, Puckett acted in a rapid, expedited manner. He evaluated traffic conditions and determined that he did not need to activate his emergency equipment. In the City of Roanoke, a police officer has the discretion as to the best method and means of responding to a 911 dispatch call. Furthermore, the police officer determines when he should or should not activate his emergency equipment after considering a number of factors including the time of day, the traffic pattern, the weather, and the nature of the 911 call. Puckett relied on his own discretion and judgment when the accident occurred. Therefore, the fourth factor is met and Puckett is immune from liability.

## B. *City As a Named Party*

Plaintiff argues that the City should still remain a party in this case, even though it is immune, for the purpose of obtaining a judgment that can be enforced against its insurers. The City contends that it should be dismissed from this case, with prejudice.

In Virginia, an uninsured motorist includes "the owner or operator of the motor vehicle [who] is immune from liability for negligence under the laws of the Commonwealth ... in which case the provisions of subsection F shall apply and the action shall continue against the insurer." Va. Code Ann. § 38.2-2206(B)(v). Section 38.2-2206(F) states that:

> [T]he immunity from liability for negligence of the owner or operator of a motor vehicle shall not be a bar to the insured obtaining a judgment enforceable against the insurer for the negligence of the immune owner or operator, and shall not be a defense available to the insurer to the action brought by the insured, which shall proceed against the named defendant although any judgment obtained against an immune defendant shall be entered in the name of "Immune Defendant" and shall be enforceable against the insurer and any other nonimmune defendant as though it were entered in the actual name of the named immune defendant.

This statute is remedial in nature and must be construed liberally. *See, e.g., Buchanan v. Doe,* 246 Va. 67, 76, 431 S.E.2d 289, 294 (1993). Furthermore, the statute is clear that the action "shall proceed against the named defendant" despite the immunity of the defendant. There is no distinction in the statute between immune individuals and immune localities. Thus, the Court finds that the City should remain a party in this action for the sole purpose of obtaining a judgment that can be enforced against its insurers.

## Conclusion

For the reasons stated, the Court grants the defendants' pleas in bar and rules that both defendants will remain parties to this action in name.